J-S41033-14

2014 PA Super 182

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BYSHERE LAWRENCE | |
| Appellant | No. 2684 EDA 2013 |

Appeal from the Judgment of Sentence May 24, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010239-2011

BEFORE:  BOWES, J., DONOHUE, J., and MUNDY, J.

OPINION BY MUNDY, J.:                    **FILED AUGUST 27, 2014**

Appellant, Byshere Lawrence, appeals from the May 24, 2013 aggregate judgment of sentence[1] of 45 years to life imprisonment after he was found guilty of first-degree murder, firearms not to be carried without a license, and possession of an instrument of a crime (PIC).[2]  After careful review, we affirm.

We summarize the relevant facts and procedural history of this case as follows.  On September 26, 2011, the Commonwealth filed an information

_____

[1] We note that Appellant's notice of appeal purports to appeal from the September 18, 2013 order denying his post-sentence motion.  However, a direct appeal in a criminal case can only lie from the judgment of sentence. *Commonwealth v. Kuykendall*, 2 A.3d 559, 560 n.1 (Pa. Super. 2010) (citation omitted).  We have therefore amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), and 907(a), respectively.

charging Appellant with the above-mentioned offenses as well as one count each of criminal conspiracy, possession of a firearm by a minor, carrying firearms in public in Philadelphia, and recklessly endangering another person (REAP).[3]   On July 31, 2012, Appellant proceeded to a jury trial at the conclusion of which, the jury found Appellant guilty of first-degree murder, firearms not to be carried without a license, and PIC.  The jury acquitted Appellant of criminal conspiracy.  The Commonwealth *nolle prossed* the possession of a firearm by a minor, carrying firearms in public in Philadelphia, and REAP charges.  On May 24, 2013, the trial court imposed an aggregate sentence of 45 years to life imprisonment.[4]   On June 3, 2013, Appellant filed a timely post-sentence motion.  Relevant to this appeal, Appellant's only constitutional issue in his post-sentence motion argued that the application of 18 Pa.C.S.A. § 1102.1(a)(1) to his case violated the Cruel and Unusual Punishment Clause of the Eighth Amendment to the Federal Constitution.  **See** Appellant's Post-Sentence Motion, 6/3/13, at ¶¶ 7-10.  On September 18, 2013, the trial court entered an order denying Appellant's

---

[3] 18 Pa.C.S.A. §§ 903(c), 6110.1(c), 6108 and 2705, respectively.

[4] The trial court imposed 45 years to life imprisonment for first-degree murder, two to seven years' imprisonment for firearms not to be carried without a license, and one month to two years' imprisonment for PIC.  All sentences were to run concurrently to each other.

post-sentence motion. On September 24, 2013, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises three issues for our review.

> A. Is 18 Pa.C.S. § 1102.1 unconstitutional under the United States Constitution because it violates its Cruel and Unusual Punishment Clause?

> B. Is 18 Pa.C.S. § 1102.1 unconstitutional under the United States Constitution because it violates the Equal Protection Clause in that it treats juveniles convicted of first or second degree murder after its passage differently than juveniles convicted of the identical crimes prior to its passage?

> C. Was the sentence imposed on Appellant under 18 Pa.C.S. § 1102.1 unconstitutional under the United States and Pennsylvania Constitutions because it violates their *Ex Post Facto* Clauses?

Appellant's Brief at 2.

In this case, all three of Appellant's issues challenge the constitutionality of Section 1102.1. "We note that duly enacted legislation carries with it a strong presumption of constitutionality." ***Commonwealth v. Turner***, 80 A.3d 754, 759 (Pa. 2013) (citation omitted). "A presumption exists '[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth' when

---

[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

promulgating legislation." ***Commonwealth v. Baker***, 78 A.3d 1044, 1050

(Pa. 2013), *quoting* 1 Pa.C.S.A. § 1922(3).

> In conducting our review, we are guided by the principle that acts passed by the General Assembly are strongly presumed to be constitutional, including the manner in which they were passed. Thus, a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality.

***Commonwealth v. Neiman***, 84 A.3d 603, 611 (Pa. 2013) (internal

quotation marks and citations omitted). As the constitutionality of a statute

presents a pure question of law, our standard of review is *de novo* and our

scope of review is plenary. ***Turner***, ***supra***.

In his first issue, Appellant avers that Section 1102.1 is

unconstitutional because "it requires the imposition of a mandatory

minimum sentence of thirty-five years['] incarceration upon defendants

fifteen years or older convicted of first-degree murder … without

consideration of the factors set forth in ***Miller v. Alabama***, [] 132 S. Ct.

2455 (2012)." Appellant's Brief at 14.

The Eighth Amendment to the Federal Constitution states that

"[e]xcessive bail shall not be required, nor excessive fines imposed, nor

cruel and unusual punishments inflicted."[6]  U.S. Const. amend. viii.  The Eighth Amendment is unique in constitutional jurisprudence because it "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."  *Trop v. Dulles*, 356 U.S. 86, 101 (1956) (plurality).  "[T]he Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.'"  *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008), *quoting Weems v. United States*, 217 U.S. 349, 367 (1910).  "By protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons."  *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014) (citation omitted).

Appellant argues that Section 1102.1 violates the Cruel and Unusual Punishment Clause because the statute imposes a mandatory minimum sentence of 35 years to life without "giving [any] consideration to [Appellant's] age and attendant circumstances of youth."  Appellant's Brief at 15.  The statute provides in relevant part as follows.

> **§ 1102.1. Sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer**

---

[6] The Eighth Amendment is incorporated to the States via the Due Process Clause of the Fourteenth Amendment.  *Hall*, *supra*.

> **(a) First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
>> (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.
>>
>> (2) A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 25 years to life.
>
> …

18 Pa.C.S.A. § 1102.1(a). Appellant is correct insofar that, by its text, the statute requires the trial court to impose a sentence of not less than 35 years' imprisonment in Appellant's case. *Id.* § 1102.1(a)(1). The trial court is divested of any discretion to impose a lesser minimum sentence. *See, e.g.*, 18 Pa.C.S.A. § 1102.1(f) (stating, "[i]f a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court[]").

Within the last ten years, the Supreme Court has on three occasions considered the Eighth Amendment's application to juvenile offenders. In 2005, the Supreme Court held that the Eighth Amendment categorically

- 6 -

prohibits the imposition of the death penalty for those under 18 years of age at the time of the offense.[7] **Roper v. Simmons**, 543 U.S. 551, 578 (2005). In 2010, the Court concluded a juvenile convicted of non-homicide crime could not be sentenced to life imprisonment without the possibility of parole consistent with the Eighth Amendment. **Graham v. Florida**, 560 U.S. 48, 82 (2010). Finally, in **Miller**, the question was whether the Eighth Amendment barred a state from imposing a mandatory sentence of life imprisonment without the possibility of parole upon a juvenile, even for a homicide offense. As with **Roper** and **Graham**, the Court noted that juveniles differ from adults in three distinct ways.

> First, children have a "lack of maturity and an underdeveloped sense of responsibility," leading to recklessness, impulsivity, and heedless risk-taking. **Roper**, 543 U.S., at 569. Second, children "are more vulnerable ... to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. **Ibid.** And third, a child's character is not as "well formed" as an adult's; his traits are "less fixed" and his actions less likely to be "evidence of irretrievabl[e] deprav[ity]." **Id.,** at 570.

**Id.** at 2464 (parallel citations omitted); **see also Graham**, **supra** at 68-69; **Roper**, **supra** at 569. The Court went on to observe that "the mandatory penalty schemes at issue here prevent the sentencer from taking account of

---

[7] The Supreme Court had previously rejected this argument in 1989. **See generally Stanford v. Kentucky**, 492 U.S. 361, 380 (1989).

these central considerations." *Id.* at 2466. "By removing youth from the balance—by subjecting a juvenile to the same life-without-parole sentence applicable to an adult—these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender." *Id.* In the Court's view, this scheme could not be reconciled with the considerations espoused in *Roper* and *Graham*. *Id.* at 2469.

> *Graham*, *Roper*, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

*Id.* at 2475. As a result, Miller was entitled to resentencing, taking into account considerations involving his age.[8]

Turning to the case *sub judice*, Appellant argues that Section 1102.1(a)(1), under which he was sentenced "precluded the trial judge from taking into account [A]ppellant's age at the time of the crime, his role in the

---

[8] In *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013), our Supreme Court held that "the imposition of a minimum sentence taking such [age-related] factors into account is the most appropriate remedy for the federal constitutional violation that occurred when a life-without-parole sentence was mandatorily applied[.]" *Id.* at 297.

crime, whether he posed a danger to society, and the familial and peer pressures that may have affected him." Appellant's Brief at 19. The only preclusive effect of Section 1102.1 is that it divests the judge of discretion, in Appellant's case, to sentence him to a term of less than 35 years' imprisonment. We decline to extend *Miller* beyond the mandatory schemes that it considered. *Miller* is limited to legislative schemes which "require[ed] that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes[.]" *Miller*, *supra*. Section 1102.1 does not contain such a sentencing scheme. In fact, Section 1102.1(d) **does** require the trial court to consider various age-related factors before the trial court may impose a sentence of life without parole. *See* 18 Pa.C.S.A. § 1102.1(d).[9]

_____

[9] Specifically, Section 1102.1(d) requires, among other factors, the following findings by the trial court.

> **§ 1102.1. Sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer**
>
> …
>
> **(d) Findings.--**In determining whether to impose a sentence of life without parole under subsection (a), the court shall consider and make findings on the record regarding the following:
>
> …

*(Footnote Continued Next Page)*

We do not read **Miller** to mean that the Eighth Amendment categorically prohibits a state from imposing a mandatory minimum imprisonment sentence upon a juvenile convicted of a crime as serious as first-degree murder.[10] Appellant's argument against a mandatory minimum of 35 years presents the same concerns as would a mandatory minimum of

_(Footnote Continued)_ _____

> (7) Age-related characteristics of the defendant, including:
>
> (i) Age.
>
> (ii) Mental capacity.
>
> (iii) Maturity.
>
> (iv) The degree of criminal sophistication exhibited by the defendant.
>
> (v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.
>
> (vi) Probation or institutional reports.
>
> (vii) Other relevant factors.

18 Pa.C.S.A. § 1102.1(d)(7).

[10] Appellant does not argue that a national consensus exists against imposing a sentence of 35 years to life imprisonment upon a juvenile so as to render it unconstitutional under the Eighth Amendment. **See generally Hall**, **supra** at 1996, 1999; **Miller**, **supra** at 2470; **Graham**, **supra** at 61; **Kennedy**, **supra** at 426; **Roper**, **supra** at 563; **Atkins v. Virginia**, 536 U.S. 304, 316 (2002).

35 days' imprisonment. Stated another way, Appellant's position implicitly requires us to conclude that open-ended minimum sentencing is constitutionally **required** by the Cruel and Unusual Punishment Clause. We decline to announce such a rule.

If we were to agree with Appellant's argument, our decision would be contrary to the cases that the Supreme Court has already decided. ***See Graham***, ***supra*** at 75 (stating, "[a] State is not required to guarantee eventual freedom to a juvenile offender[]"). ***Graham*** held that the Eighth Amendment required juveniles convicted of non-homicide offense to have "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." ***Id.*** ***Miller*** does not contain this requirement for juveniles convicted of first-degree murder, such as Appellant. Even under ***Miller***, a state still may impose life without parole for homicide offenses, preventing a juvenile like Appellant, from ever obtaining any hope of release from confinement. Based on these considerations, we conclude that Section 1102.1 does not offend the Cruel and Unusual Punishment Clause of the Eighth Amendment. ***See Turner***, ***supra***.

We elect to address Appellant's remaining two issues together. Appellant argues Section 1102.1 violates the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution and the *Ex Post Facto* Clauses found at Article I, Section 10 of the Federal Constitution and Article I, Section 17 of the Pennsylvania Constitution. Appellant's Brief at 23, 31.

- 11 -

The trial court noted that neither of these grounds were raised in his post-sentence motion and concluded that Appellant has waived them. Trial Court Opinion, 12/17/13, at 9; **see also** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). However, Appellant argues that he was not required to raise these claims below "because [they] concern[] the legality of [A]ppellant's mandatory minimum sentence." Appellant's Brief at 24, 31 n.5.

As a general proposition, Appellant is correct that "a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence." **Commonwealth v. Delvalle**, 74 A.3d 1081 (Pa. Super. 2013). However, we also take notice of the competing general proposition that issues regarding "[t]he constitutionality of a statute can be waived." **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*). The question then becomes whether a constitutional attack on a statute that authorizes a mandatory minimum sentence may also be considered a non-waivable challenge to the legality of the sentence actually imposed, and if so, to what extent.

"[T]his Court has grappled with the illegal sentencing doctrine as jurisprudence on such issues as constitutional sentencing challenges and the difference between legal sentencing questions and an illegal sentence have emerged." **Id.** at 118. "Through [previous] *en banc* cases, we have established the principle that the term illegal sentence is a term of art that

our Courts apply narrowly, to a relatively small class of cases." **Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*) (internal quotation marks and citation omitted). This Court has consistently enunciated three distinct categories of legality of sentence claims as a baseline. These are "(1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000)." **Id.** (internal parallel citations omitted). This Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the legality of the sentence and cannot be waived. **See Commonwealth v. Brown**, 71 A.3d 1009, 1015-1016 (Pa. Super. 2013) (stating, "a claim that a sentence violates an individual's right to be free from cruel and unusual punishment is a challenge to the legality of the sentence, rendering the claim unwaivable[]").

However, this Court has rejected the idea that "all constitutional cases implicating sentencing raise legality of sentence concerns." **Watley**, **supra** at 118; **accord Commonwealth v. Jacobs**, 900 A.2d 368, 373 n.6 (Pa. Super. 2006) (*en banc*), *appeal denied*, 917 A.2d 313 (Pa. 2007). It makes sense that an **Apprendi** issue would go to the legality of the sentence, as "it involves sentencing a defendant in excess of the statutory maximum, the classic illegal sentence paradigm, based on facts not presented to and/or

determined by a jury." **Watley**, **supra** at 118 n.7.[11]  In addition, if a sentence is unconstitutional as cruel and unusual under the Eighth Amendment, *a fortiori*, it must also be an illegal sentence.  With regard to the doctrine of merger and the Double Jeopardy Clauses, our Supreme Court has noted that "the double jeopardy prohibition against multiple punishment for the same offense serves to prevent the sentencing court from prescribing greater punishment than the legislature intended."  **Commonwealth v.**

---

[11] In addition, the Supreme Court recently added **Alleyne v. United States**, 133 S. Ct. 2151 (2013) to the **Apprendi** line of cases.  In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), and held "that any fact that increases the mandatory minimum is an element [of the crime] that must be submitted to the jury."  **Alleyne**, **supra** at 2155 (internal quotation marks omitted).  Although **Alleyne**, like all of the **Apprendi** line, is grounded in the Jury Trial Clause of the Sixth Amendment, it is unique as it only speaks to sentencing, specifically, the trial court's authority to engage in judicial fact-finding in order to impose a higher mandatory minimum sentence than that authorized by the jury's verdict.

In this case, the trial court correctly noted that Section 1102.1 does present an **Alleyne** problem.  Section 1102.1 prescribes a mandatory minimum sentence based on the fact of a defendant's age at the time of the offense.  **See** 18 Pa.C.S.A. § 1102.1(a)(1) (stating, "[a] person who at the time of the commission of the offense **was 15 years of age or older** shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life[]") (emphasis added).  However, the trial court also noted that at sentencing Appellant conceded that he was 15 years old at the time of the offense.  N.T., 5/24/13, at 11.  Since Appellant conceded the fact required for the mandatory minimum, any **Alleyne** error in this case was rendered harmless.  **See United States v. Hunt**, 656 F.3d 906, 913 (9th Cir. 2011) (stating that an **Apprendi** error can be harmless "where the record contains 'overwhelming' and 'uncontroverted' evidence supporting an element of the crime[]") (citation omitted).

*Andrews*, 768 A.2d 309, 329 (Pa. 2001) (internal quotation marks and citation omitted).

The Fourteenth Amendment of the Federal Constitution states that "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. xiv, § 1. The Federal Constitutional also prohibits the several States from "pass[ing] any … ex post facto Law[.]" *Id.* at Art. I, § 10. Likewise, Article I, Section 17 of the Pennsylvania Constitution states that "[n]o *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const. Art. I, § 17.

In our view, there is a meaningful difference between the remaining two arguments Appellant raises in this case and issues pertaining to the Eighth Amendment, merger, *Apprendi* and *Alleyne*. The Eighth Amendment, merger, *Apprendi*, and even *Alleyne* all directly circumscribe the trial court's sentencing process and sentencing authority. Stated another way, the goal of the Cruel and Unusual Punishment Clause, the merger doctrine, *Apprendi* and *Alleyne* is to protect defendants from the imposition of punishments **by trial judges** that are unconstitutional, imposed through unconstitutional processes, or are a "greater punishment than the legislature intended." *Andrews*, *supra*. However, as is relevant in this case, the Equal Protection Clause and the *Ex Post Facto* Clauses serve to restrict legislative power. Appellant does not argue that the trial court did

not follow Section 1102.1's mandate or text in carrying out its traditional sentencing function. Nor does Appellant argue that any part of the sentencing process was unconstitutional. Rather, Appellant argues that **the General Assembly** passed a statute that, in his view, unconstitutionally treats some juveniles differently than others, and retroactively changes the punishment for the crime after it was committed. Appellant's Brief at 29, 33-34. These arguments do not address the same concerns as the Eighth Amendment, the merger doctrine, **Apprendi** and **Alleyne**. Because Appellant's Equal Protection and *Ex Post Facto* Clause arguments directly seek protection from legislatures, not judges, we hold that these arguments fall into the category of "a sentencing issue that presents a legal question [rather than a claim that the] sentence[ is] illegal." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1036 n.5 (Pa. Super. 2013) (*en banc*) (citation omitted).

It does not alter our conclusion that the constitutional argument here involves a mandatory minimum sentence. Appellant has not cited to any case where we have allowed a constitutionally-based legality of sentencing claim regarding mandatory minimum sentencing to be raised for the first time on appeal, leaving aside cases involving **Alleyne**. If we were to hold that an Equal Protection and *Ex Post Facto* challenge is non-waivable because a mandatory minimum sentence is involved, than any state or federal constitutional provision that could serve as a basis to challenge a

mandatory minimum sentence must also be non-waivable as well.[12]  Further, if we did not require preservation in the trial court, all of these constitutional challenges could also be raised by this Court *sua sponte* as well.  **See generally Commonwealth v. Ornella**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (stating, "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*[]") (citation omitted).  As a result, we conclude that the trial court was correct that Appellant waived his arguments under the Equal Protection and *Ex Post Facto* Clauses by not raising them in his post-sentence motion below.

Based on the foregoing, we conclude that all of Appellant's issues are either waived or devoid of merit.  Accordingly, the trial court's May 24, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judge Donohue files a Concurring Opinion.

---

[12] For example, a defendant could challenge Section 1102.1 under the Original Purpose and Single Subject Clauses of the Pennsylvania Constitution.  We point out that these arguments also directly accuse the legislature, not the trial court, of acting unconstitutionally regarding Section 1102.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014