J.A22034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       Appellee    :
       :
       v.    :
       :
       :
ERNEST LEONDA MCKNIGHT,    :
       :
       Appellant    :    No. 400 MDA 2014

Appeal from the Judgment of Sentence November 1, 2013
In the Court of Common Pleas of Huntingdon County
Criminal Division No(s).: CP-31-CR-0000176-2013

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED NOVEMBER 25, 2014**

Appellant, Ernest Leonda McKnight, appeals from the judgment of

sentence[1] entered in the Huntingdon County Court of Common Pleas after a

jury found him guilty of aggravated harassment by prisoner.[2]  Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] We have amended the caption to reflect that this appeal lies from the sentencing order announced on October 31, 2013, but filed November 1, 2013, and not the January 24, 2014 order denying Appellant's post sentence motion.  **See Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1. (Pa. Super. 2014); **see also** Pa.R.A.P. 108(d).

[2] 18 Pa.C.S. § 2703.1.

J. A22034/14

claims that the trial court erred in overruling his **Batson**[3] objection to the Commonwealth's peremptory strike of Juror 27, the only African-American on the list of prospective jurors. We agree, vacate the judgment of sentence, and remand for further proceedings.

On February 26, 2013, Appellant, who is African-American, was charged with aggravated harassment by a prisoner for spitting in the face of a corrections officer while being escorted to a prison law library. On September 3, 2013, the parties agreed to select a jury from a list of thirty prospective jurors without the presence of the trial judge. Immediately before the court excused itself, then District Attorney George N. Zanic[4] informed the court that it intended to strike Juror 27. N.T., Jury Selection, 9/3/13, at 10. Anticipating a **Batson** challenge, the District Attorney explained his decision to strike Juror 27 to the court as follows:

> I'm going to use a peremptory challenge on one African American member of the panel and the reason I'm doing that is because of his relationships. He is related to and he is on the list, he is a cousin of former Pennsylvania State Police Corporal McNeal. You may remember Corporal McNeal's wife was involved in a week-long trial here. I did not try that case. I was involved in this case, however. I don't know what his relationship with her is. That couple's now divorced. The Corporal and the Defendant's [sic], [Juror 27]'s first cousins with Corporal McNeal. I would

---

[3] **Batson v. Kentucky**, 476 U.S. 79 (1986).

[4] District Attorney Zanic prosecuted Appellant's case at trial. Subsequently, he was elected as a Court of Common Pleas Judge and currently serves as President Judge.

strike anyone. Has nothing to do with the fact he's African American.

*Id.* at 8.

Appellant objected and requested that Juror 27 be examined. *Id.* The trial court denied the request for examination, asserting that an additional inquiry would not change the District Attorney's decision to strike Juror 27, and overruled Appellant's objection. *Id.* at 8-9. After the parties selected the jury, the trial judge commented that if he "was in the Commonwealth's case, [he] would never, ever have struck [Juror 27]." *Id.* at 10. Addressing the District Attorney, the judge stated, "I'll make you a bet this comes back to bite you in the ass and the Superior Court will never buy it." *Id.*

That same day, the jury found Appellant guilty of aggravated harassment by a prisoner. The trial court, on October 31, 2013, sentenced him to eighteen to thirty-six months' imprisonment consecutive to any sentence he was currently serving. Appellant filed timely post-sentence motions on November 8th, which the trial court denied on January 24, 2014. Appellant timely appealed and submitted a court-ordered Pa.R.A.P. 1925(b) statement, asserting that the Commonwealth failed to articulate a race-neutral or "clear and reasonably specific explanation" for striking Juror 27. Appellant's Statement of Matters Complained of on Appeal, 3/7/14, at 1.

The trial court, in response, relied on its opinion denying Appellant's post-sentence motions. Therein, the trial court noted that "[t]he gist of the District Attorney's challenge was that the juror was a first cousin of a

member of the Pennsylvania State Police whose wife had been prosecuted." Trial Ct. Op., 1/24/14, at 5. It further observed the Office of the Attorney General "handled the case" against the former trooper's wife, but "District Attorney Zanic's office had been involved in the investigation leading to the charges being filed." *Id.* The court determined the District Attorney's "concern therefore was that [Juror 27] might harbor animosity towards him over the prosecution of his cousin's wife." *Id.* at 5-6.

The trial court stated, "[T]he question . . . was whether or not the proffered reason was race neutral." *Id.* at 7. The court opined, "[T]he District Attorney gave a race neutral reason for challenging Juror 27. We concluded then and are equally certain today that he had no discriminatory intent in striking the juror." *Id.* at 8.

Appellant's sole claim on appeal is that the trial court erred in overruling his *Batson* objection to the Commonwealth's striking of Juror 27. Appellant's Brief at 20. Appellant argues the trial court improperly accepted the Commonwealth's explanation as race-neutral and not purposefully discriminatory. *Id.* at 29. In support, Appellant refers to the court's comments on the Commonwealth's decision to strike Juror 27. *Id.* at 31-32.

The Commonwealth concedes there is a *prima facie* showing that it struck Juror 27 based on race. Commonwealth's Brief at 2. It asserts, however, that it proffered a race-neutral explanation for exercising its strike, *i.e.*, that Juror 27 was a first cousin of a former State Trooper whose ex-wife

had been on trial the week before the instant trial.[5] *Id.* at 3. The Commonwealth asserts its explanation was clear and reasonably specific in that "the prospective juror's relationships . . . gave rise to the logical inference that the juror might bear some animosity toward the prosecution." *Id.* at 8. The Commonwealth acknowledges the trial court expressed reservations over its use of the peremptory strike, but describes the court's comments as "mere speculation on th[e Superior Court's] *post hoc* assessment of the prosecutor's credibility." *Id.* at 8-9.

When reviewing the trial court's determination of whether the Commonwealth acted with discriminatory intent when striking a juror, an appellate court "may overturn the trial court's decision only if it is clearly erroneous." *Commonwealth v. Sanchez*, 36 A.3d 24, 45 (Pa. 2011) (citation omitted). As the Pennsylvania Supreme Court noted, "'There will seldom be much evidence bearing' on the 'decisive question' of 'whether counsel's race-neutral explanation for a peremptory challenge should be believed.' '[T]he best evidence often will be the demeanor of the attorney who exercises the challenge.'" *Commonwealth v. Cook*, 952 A.2d 594, 603 (Pa. 2008) (citations omitted). Therefore, we accord "great deference" to the trial court's findings of fact "because a reviewing court . . . is not as

---

[5] It is unclear from the record whether the present trial judge presided over the trial of the former trooper's wife.

well positioned as the trial court to make credibility determinations." **Id.** (citation omitted).

The principles underlying a **Batson** objection challenge are well settled.

> The **Batson** Court recognized that peremptory challenges "permit [ ] those to discriminate who are of a mind to discriminate" based on race in jury selection. "[T]he harm **Batson** seeks to avoid is not only a trial where members of the defendant's own race have been excluded from the jury on account of their race, but also the harm to the prospective jurors and the community at large that results when citizens are denied participation in jury service based upon their race." The successful **Batson** objector is the third party beneficiary of the venire person's equal protection right not to be excluded from a jury on account of his/her race.
>
> To prove a defense-side **Batson** claim, the defendant has to initially establish "a *prima facie* showing that the circumstances give rise to an inference that the prosecutor struck one or more prospective jurors on account of race." If the *prima facie* showing is made, "the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror(s) at issue." The trial court ultimately makes a determination of whether the defense has carried its burden of proving purposeful discrimination.

**Sanchez**, 36 A.3d at 44.

With respect to the first prong of a Batson claim, if the Commonwealth concedes the existence of a *prima facie* case, a reviewing court may proceed to consider the remaining two **Batson** prongs. **See id.** at 44-45. Under the second **Batson** prong, the burden shifts to the Commonwealth. **Id.** The Commonwealth must proffer a "clear and reasonably specific explanation of its actions which must consist of legitimate reasons of exercising the

challenges." **Commonwealth v. Correa**, 620 A.2d 497, 501 (Pa. Super. 1993) (citations and quotation marks omitted). At this stage, the Commonwealth need only "forward a facially valid race-neutral explanation and . . . there is no demand [for] an explanation that is persuasive, or even plausible[.]" **Sanchez**, 36 A.3d at 45 (citation and quotation marks omitted). An explanation is race neutral on its face unless a discriminatory intent is inherent in the explanation. **Id.**

If the Commonwealth satisfies the second **Batson** prong, the third prong requires the trial court to determine whether the defendant established purposeful discrimination by the Commonwealth. **See id.** at 44. "It is at this stage that the persuasiveness of the facially-neutral explanation proffered by the Commonwealth is relevant." **Cook**, 952 A.2d at 602-03 (citation omitted). "An explanation which at first blush appears to be clear, specific and legitimate may be exposed as a pretext for racial discrimination when considered in the light of the entire voir dire proceeding." **Commonwealth v. Garrett**, 689 A.2d 912, 917 (Pa. Super. 1997). However,

> [t]here are any number of bases on which a party may believe, not unreasonably, that a prospective juror may have some slight bias that would not support a challenge for cause but that would make excusing him or her desirable. Such reasons, if they appear to be genuine, should be accepted by the court, which will bear the responsibility of assessing the genuineness of the prosecutor's response and of being alert to reasons that are pretextual. If the court determines that the prosecution's presentation is inadequate to rebut the

> defendant's proof, the court should declare a mistrial and a new jury should be selected from a new panel.

*Commonwealth v. Lloyd*, 545 A.2d 890, 895 (Pa. Super. 1988) (citations and emphasis omitted). An explanation for striking a prospective juror need not rise to a level justifying a for-cause challenge. *Commonwealth v. Rico*, 711 A.2d 990, 992 (Pa. 1998).

Instantly, because the Commonwealth concedes there was a *prima facie* case that its strike of Juror 27 was based on race, our review focuses on the trial court's assessment of the second and third prong of *Batson*. *See Sanchez*, 36 A.3d at 44-45. Specifically, we must review the trial court's consideration of the Commonwealth's race-neutral explanation and the persuasiveness of that explanation.[6]

As to the second *Batson* prong, we discern no basis to disturb the trial court's conclusion that the Commonwealth asserted a race-neutral explanation for striking Juror 27. We emphasize that at this stage, the court had no obligation to evaluate the persuasiveness of the explanation, but considered only whether the explanation was race-neutral on its face. The Commonwealth asserted, and the trial court found, that Juror 27 had familial relationships, which could prejudice the Commonwealth. This explanation was sufficient to meet the second prong.

---

[6] Appellant did not adduce evidence from the remaining jury selection process, which was not transcribed. Therefore, there is no record of the Commonwealth's decisions regarding its selection or striking of other potential jurors.

As the third **Batson** prong, the trial court described the "gist" of the Commonwealth's race-neutral explanation and found the Commonwealth to be credible when offering the explanation. Trial Ct. Op. at 5-6, 8. The court, however, did not consider whether the Commonwealth's asserted belief that Juror 27 could be prejudiced against the Commonwealth was reasonable or legitimate. This inquiry was particularly important under the circumstances of this case, because the Commonwealth explained its belief that a distant family relationship could give rise to a possibility of prejudice, but professed that it had no knowledge of any relationship between Juror 27 and the former wife of his cousin. We further note that there is no basis in the record to conclude that Juror 27 could have been aware of the District Attorney's role in the investigation of the prospective juror's cousin's wife. Lastly, the court's own expressions of concern regarding the use of the strike appear to belie its credibility finding as to the genuineness of the Commonwealth's concern.

In light of the unique circumstances of this case, we are compelled to conclude that the trial court did not properly rule on Appellant's **Batson** objection. Although the court accepted the Commonwealth's explanation as race-neutral, there is an inadequate basis in the record to conclude that it considered reasonableness or persuasiveness of the explanation as required by the third **Batson** prong. Accordingly, we vacate the judgment of sentence and remand this case for further proceedings. On remand, the trial

court, if necessary, may permit the parties to supplement the record and consider the Commonwealth's explanation for striking Juror 27. If the court finds the Commonwealth's explanation persuasive and free of pretext, it shall reimpose its sentence. If the court finds the Commonwealth's explanation unpersuasive or pretextual, it shall order a new trial. The trial court shall place on the record its findings of fact and credibility.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014