J-S70031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTONIO GUERRIERO | : | |
| | : | |
| Appellant | : | No. 196 MDA 2017 |

Appeal from the Judgment of Sentence December 22, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0000323-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED MARCH 27, 2018**

Antonio Guerriero appeals *nunc pro tunc*[1] from the judgment of sentence imposed on December 22, 2015, in the Court of Common Pleas of Cumberland County, after a jury found him guilty of failure to comply with registration requirements under the Sexual Offender Registration and Notification Act (SORNA), 18 Pa.C.S. § 4915.1(a)(1).  The trial court sentenced Guerriero to a mandatory term of five to ten years' incarceration.[2]  Although Guerriero raises four claims in his brief, we only address the final issue, which is dispositive.  Specifically, Guerriero argues the Pennsylvania Supreme Court's

_____

[1] Following sentencing, Guerriero filed a *pro se* "Motion to Reinstate Direct Appeal Rights and Appoint Conflict Counsel *Nunc Pro Tunc*."  The trial court granted this motion on December 30, 2016, and Guerriero, through counsel, filed a notice of appeal on January 27, 2017.

[2] We note the Commonwealth's position that the imposition of the mandatory sentence requires remand for resentencing.  **See** Commonwealth Brief at 17. However, based upon our disposition, we do not reach this issue.

decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, **Pennsylvania v. Muniz**, ___ U.S. ___ [2018 U.S. LEXIS 822] (2018), requires that his conviction for failure to comply with SORNA registration requirements be vacated. We agree, and vacate the judgment of sentence and conviction.

Guerriero was convicted of failing to comply with registration requirements based upon retroactive application of lifetime registration under SORNA. As the trial court explained:

> The testimony revealed [Guerriero] entered a plea of guilty on September 26, 2002, in Allegheny County to a charge of [i]ndecent [a]ssault graded as a misdemeanor of the first degree. Initially, this offense carried with it a ten year registration requirement [under Megan's Law II (42 Pa.C.S. § 9795.1)] but, by virtue of a change in the law [SORNA], [Guerriero] became a lifetime registrant.

Trial Court Opinion, 4/21/2017, at 2 (record citation omitted).

On July 19, 2017, while this appeal was pending, the Pennsylvania Supreme Court issued **Muniz**, holding retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the federal and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1193; **accord Commonwealth v. McCullough**, 174 A.3d 1094 (Pa. Super. 2017) (*en banc*).

Guerriero admits he did not challenge the constitutionality of SORNA in the trial court and in his Pa.R.A.P. 1925(b) statement, and that he has raised the issue for the first time in his brief. He acknowledges:

> This Court has held that issues regarding the constitutionality of a statute can be waived. **Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014). In regard to *ex post facto* challenges, the Court has held that "these arguments fall into the category of a sentencing issue that presents a legal question rather than a claim that the sentence is illegal." **Id.** at 124. As a result, arguments under the *ex post facto* clauses are waived if not raised in the trial court.
>
> Based upon the foregoing, it appears that [Guerriero] has waived any issues involving the constitutionality of SORNA by not raising them in the lower court.

Guerriero's Brief, at 19. Guerriero continues: "However, given the far-reaching impact of the Supreme Court's decision in **Muniz**, [Guerriero] submits that **Muniz** should be applied retroactively to his conviction for failure to comply with registration requirements under the requirements imposed by SORNA." **Id.** at 19-20.

The Commonwealth, in its brief, takes the position Guerriero has waived the challenge to the constitutionality of SORNA. **See** Commonwealth's Brief, at 20. However, the Commonwealth posits, "If this Honorable Court does not find that [Guerriero] waived this issue for appeal and finds that the holding in **Muniz** should be applied retroactively, the Commonwealth acknowledges that [Guerriero's] conviction stems from an incident that occurred after his initial ten (10) year registration period would have elapsed." **Id.** at 20.

We are not aware of any published decision concerning retroactive application of **Muniz** to a conviction where, as here, the case is on direct appeal, **Muniz** was decided while the appeal was pending, and the issue was not raised before the trial court. However, in **Commonwealth v. Rivera-**

*Figueroa*, 174 A.3d 674 (Pa. Super. 2017), a panel of this Court, which included two of the present panel members, held that "[t]he recent holding in *Muniz* created a substantive rule that retroactively applies in the collateral context[.]" *Id.* at 678. In *Rivera-Figueroa*, the appellant's case was pending on appeal from the denial of collateral relief when the Pennsylvania Supreme Court issued the *Muniz* decision. *Id.* at 678-679. This Court vacated the order denying PCRA relief and remanded to the PCRA court to allow the appellant to amend his petition to include a *Muniz* claim. *Id.* at 679. It is important to note that *Rivera-Figueroa* involved a timely-filed Post Conviction Relief Act[3] (PCRA) petition.[4]

Even though here, as we have pointed out, Guerriero is proceeding on direct appeal, we find it appropriate to apply *Muniz* retroactively to Guerierro's conviction based upon *Rivera-Figueroa*. Otherwise, Guerriero

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] Recently, in *Commonwealth v. Murphy*, ___ A.3d ___ [541 MDA 2017] (Pa. Super. February 20, 2018), involving an **untimely** PCRA petition, this Court held that the appellant/petitioner was required to demonstrate that the Pennsylvania Supreme Court has held *Muniz* applies retroactively in order to satisfy the time bar exception of 42 Pa.C.S. 9545(b)(1)(iii) (new constitutional right exception), and because, currently, no such holding has been issued by our Supreme Court, the appellant/petitioner could not rely on *Muniz* to meet that timeliness exception.

The *Murphy* Court acknowledged the holding in *Rivera-Figueroa* and distinguished the case before it from *Rivera-Figueroa*. *Murphy*, ___ A.3d at ___ [541 MDA 2017, at 6] ("Appellant's petition is untimely (unlike the petition at issue in *Rivera-Figueroa*[.]").

would obtain relief by filing a timely PCRA petition with a *Muniz* claim, which would only serve to waste valuable judicial and legal resources. Accordingly, applying *Muniz* retroactively, and in light of the Commonwealth's acknowledgment, we vacate the judgment of sentence and the conviction.

Judgment of sentence and conviction vacated. .

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018