J-S28005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC LEE SHIELDS | : | |
| | : | |
| Appellant | : | No. 1065 MDA 2017 |

Appeal from the Judgment of Sentence Entered June 2, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001987-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED JULY 13, 2018**

Appellant, Eric Lee Shields, appeals from the judgment of sentence entered on June 2, 2017, as made final by the denial of his post-sentence motion on June 22, 2017.  We are constrained to affirm.

As our resolution is based on the procedural posture of this case, we decline to set forth the factual background.  On February 21, 2017, Appellant pled guilty to two counts of failure to comply with sexual offender registration requirements.[1]  On June 2, 2017, the trial court sentenced Appellant to an aggregate term of four to ten years' imprisonment.  The trial court denied Appellant's timely post-sentence motion on June 22, 2017.  This timely appeal followed.

---

[1] 18 Pa.C.S.A. § 4915(a)(1).

The trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Appellant filed a concise statement listing only one issue challenging the discretionary aspects of his sentence. Appellant did not include a challenge to the penal provisions of the Sexual Offender Registration and Notification Act in his concise statement.

While this appeal was pending, Appellant sought vacatur of the briefing schedule and permission to address the applicability of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) in his brief before this Court. Appellant did not seek a remand to the trial court so that he could file an amended concise statement. This Court granted Appellant's application, vacated the briefing schedule, and stated that Appellant could address the applicability of **Muniz** in his brief. This Court did not remand the case for the filing of an amended concise statement.

Appellant presents one issue for our review:

Whether Appellant's convictions under the Sexual Offender Registration and Notification Act violate the *ex post facto* clause of the Pennsylvania and United States constitutions?

Appellant's Brief at 1 (certain capitalization omitted).

Prior to addressing the merits of Appellant's lone issue, we first address whether he has preserved the issue. Pennsylvania Rule of Appellate Procedure 1925 provides that "[i]ssues not included in the [concise s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are

waived." Pa.R.A.P. 1925(b)(4)(vii). Except in very limited circumstances not present in the case *sub judice*, this finding of waiver is mandatory. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***see also Commonwealth v. Lawrence***, 99 A.3d 116, 124 (Pa. Super. 2014) (defendant can waive *ex post facto* challenge to a statute); ***Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014) ("The constitutionality of a statute can be waived."). As noted above, Appellant did not raise his *ex post facto* challenge in his concise statement. Hence, he has waived his lone appellate issue and we are constrained to affirm the judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/18

---

[2] We note that nothing in this decision precludes Appellant from pursuing relief under the Post-Conviction Relief Act, if appropriate.