J-S53007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| BYSHERE LAWRENCE | : | |
| | : | |
| Appellant | : | |
| | : | No. 3688 EDA 2017 |
| | : | |

Appeal from the PCRA Order September 28, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010239-2011

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:          **FILED DECEMBER 05, 2018**

Appellant, Byshere Lawrence, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. Specifically, he claims that he is entitled to relief because of the ineffectiveness of counsel. We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the PCRA court's January 10, 2018 opinion. On September 26, 2011, Appellant was charged with first-degree murder and related offenses. He proceeded to a jury trial on July 31, 2012. At trial, the Commonwealth presented evidence which established the following.

> On March 8, 2011, Dennis Hatch received a phone call from a friend, Malik Looney. Looney told Hatch that Looney had just seen someone riding Hatch's dirt bike, which had been stolen from him on a prior occasion. Hatch and his friend, Robert Clark, then drove to the location where Looney had seen the bike, which was Bruce's Auto Shop at 3000 Clifford Street in Philadelphia. After

_____

* Retired Senior Judge assigned to the Superior Court.

they arrived, Hatch and Clark got out of the car and spoke to Looney, who said that the person riding the bike was still nearby. Shortly after this, Hatch and Clark saw [Appellant] riding Hatch's stolen dirt bike. Hatch and Clark jumped back into their car and began pursuing [Appellant] down Montgomery Avenue. After a few minutes, [Appellant] abandoned the bike and ran. Hatch got out of the car, got on the bike, and rode it away, while Clark drove the car away.

Shortly after abandoning the dirt bike, [Appellant] returned to Bruce's Auto Shop and confronted Malik Looney. [Appellant] pulled out a revolver and began tugging on Looney's shirt, attempting to pull him away from the shop. Looney attempted to get away, but [Appellant] chased Looney around a car and shot him repeatedly. [Appellant] then fled the scene.

Police arrived on the scene and transported Looney to the hospital, where he was pronounced dead five minutes later. Looney had been shot eight times . . . . An arrest warrant was issued for [Appellant] and he was apprehended.

(PCRA Court Opinion, 1/10/18, at 3-4) (record citations omitted).

On August 2, 2012, a jury convicted Appellant of first-degree murder, conspiracy, carrying a firearm without a license, and possessing an instrument of a crime.[1] On May 24, 2013, the trial court sentenced Appellant to not less than forty-five years nor more than life imprisonment. This Court affirmed the judgment of sentence on August 27, 2014, and our Supreme Court denied Appellant's petition for allowance of appeal on April 15, 2015. (*See* ***Commonwealth v. Lawrence***, 99 A.3d 116 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015)).

Appellant, *pro se*, filed a timely first PCRA petition on January 26, 2016. The PCRA court appointed counsel, who filed a motion to withdraw as counsel

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, 6106(a)(1), and 907, respectively.

on June 25, 2016. On July 11, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition; however, prior to the dismissal date, Appellant retained private counsel, and the PCRA court continued the matter for her to evaluate the case.

Appellant filed an amended petition on February 1, 2017.[2] On September 28, 2017, the PCRA court conducted an evidentiary hearing, after which it dismissed Appellant's petition. This timely appeal followed.

Appellant raises four issues on appeal.

I. Did the PCRA [c]ourt err and violate Appellant's constitutional rights under the Sixth Amendment when it found that direct appeal counsel was not ineffective for failing to assert a claim that the trial court erred in overruling defense counsel's objection to the prosecutor's leading questions, resulting in admission of unreliable hearsay from Clark about his being in a physical fight with someone just before testifying and being accused of being "a snitch" without any evidentiary link between that evidence and Appellant?

II. Did the PCRA [c]ourt err when it found that Appellant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments were not violated when pre-trial defense counsel failed to object to the composition of the line up as not containing individuals with a similar visible facial tattoo or asking that the Appellant's tattoo be covered?

III. Did the PCRA [c]ourt err when it found that Appellant's Sixth Amendment rights were not violated when counsel failed to impeach two Commonwealth witnesses with available inconsistent evidence?

_____

[2] Appellant also filed a supplemental amended petition on June 17, 2017, raising an additional claim.

- 3 -

IV.  Did the PCRA [c]ourt err and violate Appellant's constitutional rights when it found that Appellant's cumulative impact claim had no merit?

(Appellant's Brief, at 3) (emphasis omitted).

Our well-settled standard and scope of review for the denial of a PCRA petition is as follows:

We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

*Commonwealth v. Natividad*, 938 A.2d 310, 320 (Pa. 2007) (citation omitted).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2).

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987); *Strickland v. Washington*, 466 U.S. 668 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). . . .

*Natividad*, *supra* at 321 (citation formatting provided); *see also Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) ("[An appellant's] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.") (citation omitted).

In his first issue, Appellant argues that counsel was ineffective in his direct appeal for failing to claim that the trial court erred in overruling his objection to the prosecutor's leading questions. (*See* Appellant's Brief, at 10-18). Appellant contends that it was an abuse of the trial court's discretion to permit the testimony elicited by such leading questions because the Commonwealth had not established that the witness, Mr. Clark, was hostile. Thus, he claims that counsel's decision not to present this claim had no reasonable basis, and but for counsel's failure to raise it, Appellant would be entitled to relief. We disagree.

> As discussed in *Commonwealth v. Lambert*, 765 A.2d 306, 360 (Pa. Super. 2000), the "trial judge has wide discretion in controlling the use of leading questions." "The court's tolerance or intolerance for leading questions will not be reversed on appeal absent an abuse of discretion." *Lambert*, [*supra*] at 360. A witness may be treated as hostile by the party calling him where the testimony of the witness is unexpected, contradictory to earlier statements, and harmful to the party calling the witness, and where an injustice would result if the request to treat the witness as hostile is denied. . . .

*Commonwealth v. Bibbs*, 970 A.2d 440, 453 (Pa. Super. 2009), *appeal denied*, 982 A.2d 1227 (Pa. 2009).

In the instant case, Appellant claims that the following portion of Mr. Clark's testimony contains the leading questions, which the trial court abused its discretion in permitting.

> [Prosecutor]: Mr. Clark, one last question for you.  When we spoke outside, did you say to the detective that your statement had been distributed out on the street?
>
> [Appellant]: Objection.
>
> Court: Overruled.
>
> [Mr. Clark]: Yes.
>
> [Prosecutor]: And how did you find out about that? Look at your statement.  Was there a copy . . . .
>
> [Mr. Clark]: Yeah.
>
> [Prosecutor]: And when you say distributed on the street, where was it being shown?
>
> [Mr. Clark]: On the street.
>
> [Prosecutor]: On your neighborhood?
>
> [Mr. Clark]: Yeah.
>
> [Prosecutor]: And was something said to you about why that photograph or that statement was being shown around?
>
> [Mr. Clark]: Got in a fight over it.
>
> [Prosecutor]: Why did you get into a fight over it?  What was being said about the statement?
>
> [Mr. Clark]: They said I was snitching.
>
> [Prosecutor]: You were snitching?
>
> [Mr. Clark]: Yeah.
>
> [Prosecutor]: Is that a bad thing to be known in the neighborhood as snitching?
>
> [Mr. Clark]: Yeah.

[Prosecutor]: And you actually got into a fight over it; is that correct?

[Mr. Clark]: Yeah.

[Prosecutor]: And did all that happen before you took the witness stand today?

[Mr. Clark]: Yeah.

(N.T. Trial, 7/31/12, at 117-18).

The PCRA court concluded that "during his testimony, Clark was being evasive and repeatedly contradicted his prior statements to police. Accordingly, the [c]ourt was well within its discretion to permit the Commonwealth to examine him with leading questions." (PCRA Ct. Op., at 7) (record citation omitted). Upon review, we conclude that the PCRA court's decision is supported by the record and free of legal error. *See Natividad*, *supra* at 320. The trial court did not abuse its discretion in permitting the prosecutor to use leading questions after Mr. Clark's testimony proved otherwise evasive. *See Bibbs*, *supra* at 453. Appellant has not proven that the underlying legal claim is of arguable merit. *See Natividad*, *supra* at 320. Accordingly, his first claim does not merit relief.

In his second issue, Appellant claims that he is entitled to relief because trial counsel failed to object to the composition of the lineup and to file a motion to suppress the identification made at the lineup. (*See* Appellant's Brief, at 18-30). Specifically, he argues that counsel was ineffective for not "object[ing] to the composition of the [lineup] as not containing individuals

with a similar visible facial tattoo or asking that the Appellant's tattoo be covered." (*Id.* at 18-19) (emphasis omitted). We disagree.

> A court must assess the reliability of an out-of-court identification by examining the totality of the circumstances. A pre-trial identification violates due process only when the facts and circumstances demonstrate that the identification procedure was so impermissibly suggestive that it gave rise to a very substantial likelihood of irreparable misidentification. . . . .

*Commonwealth v. Johnson*, 139 A.3d 1257, 1278 (Pa. 2016) (citations omitted).

Furthermore, when "an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Carelli*, 546 A.2d 1185, 1189 (Pa. Super. 1988), *appeal denied*, 557 A.2d 341 (Pa. 1989) (citations omitted).

Instantly, the PCRA court concluded that

> [t]he evidence presented at the evidentiary hearing clearly established that the lineup was entirely fair and not unduly suggestive. While [Appellant], who personally selected all of the fillers in the lineup, now contends that [his] facial tattoo caused him to stand out from the fillers, the tattoo was not observable at all in a photograph of the lineup that was introduced at the hearing. That photograph was taken from a distance closer than the point of view of the witness being shown the lineup. Moreover, the photograph establishes that [] all of the fillers sufficiently resembled [Appellant] to render the proceeding fair. This was corroborated by defense counsel who was present during the lineup . . . who credibly testified at the hearing that while he did not recall this specific lineup, he would have cancelled the lineup if it did not appear to be fair.

(PCRA Ct. Op., at 8-9) (record citations omitted).

Appellant has not demonstrated that the composition of the pretrial lineup would give rise to a very substantial likelihood of irreparable misidentification. *See Johnson*, *supra* at 1278. Accordingly, he has not proven that this claim has arguable merit. Thus, Appellant's assertions that counsel was ineffective for not objecting to the lineup and not pursuing a suppression motion do not merit relief. *See Natividad*, *supra* at 320; *Carelli*, *supra* at 1189.

In his third issue, Appellant argues that trial counsel was ineffective for failing "to impeach two Commonwealth witnesses with available inconsistent evidence." (Appellant's Brief, at 30). Specifically, he claims that although trial counsel argued that the witnesses' testimony was inconsistent, "[c]ounsel did not [] use *all* of the available impeachment evidence." (*Id.*) (emphasis in original). He contends that had counsel "raised all of the available impeachment evidence, the cumulative impact would have been much more substantial and would have caused the jury to reject these witnesses' testimony *en toto* as incredible." (*Id.* at 32-33) (citations omitted). We disagree.

"Matters concerning the examination and cross-examination of witnesses are matters clearly within the province of trial counsel." *Commonwealth v. Smith*, 17 A.3d 873, 912 (Pa. 2011), *cert. denied*, 567 U.S. 937 (2012) (citations omitted). Counsel will generally not be found to be ineffective for failing to impeach on minor inconsistencies. *See*

*Commonwealth v. Baez*, 720 A.2d 711, 734 (Pa. 1998), *cert. denied*, 528 U.S. 827 (1999).

> In the instant case, Appellant concedes that
>
> counsel argued that each of these witnesses [was] not credible based upon their criminal records, discrepancies between their police statements and trial testimony and/or that their description of the shooter's tattoos/scars was not possible and/or believable. Counsel also pointed out the discrepancies in the witnesses' descriptions of the gun and the number of shots fired.

(Appellant's Brief, at 30) (record citations omitted). However, he argues that counsel was ineffective for not attempting to impeach Brandon Wilchcombe based on his description of the pattern and timing of the gunshots, or Robert Clark based on inconsistencies in his statements to police and at trial concerning whether there was a female passenger on the stolen dirt bike. (*See id.* at 31-32).

Upon review, we conclude that the inconsistencies upon which Appellant relies for relief were of a minor nature and counsel's decision not to impeach on them, in addition to the significant impeachment testimony he elicited, was a reasonable trial strategy. *See Baez*, *supra* at 734. Accordingly, Appellant's third claim does not merit relief.[3]

_____

[3] Moreover, Appellant has failed to cite any pertinent legal authority to support this proposition. (*See* Appellant's Brief, at 33) (citing *Commonwealth v. Simpson*, 112 A.3d 1194, 1205-06 (Pa. 2015) (cumulative prejudicial effect of counsel's ineffectiveness); *Commonwealth v. Solano*, 906 A.2d 1180, 1186 (Pa. 2006) (weight of evidence supported verdict where four eyewitnesses identified shooter); *Commonwealth v. Cousar*, 928 A.2d 1025, 1032-34 (Pa. 2007) (evidence sufficient where eyewitness had used

In his final issue, Appellant claims that even if none of his individual claims merit relief, he is entitled to relief based on the cumulative prejudicial effect of all allegations. (**See** Appellant's Brief, at 33-34). Our Supreme "Court repeatedly has held that no number of failed claims may collectively warrant relief if they fail to do so individually. However, if counsel is found to be ineffective in more than one instance, the question of whether prejudice resulted may be tallied cumulatively." **Johnson**, **supra** at 1287–88 (citations and internal quotation marks omitted). Here, we have not determined that counsel was ineffective, accordingly, Appellant is not entitled to a cumulative assessment of prejudice. **See id.** at 1288. Appellant's fourth issue does not merit relief.

Accordingly, for the foregoing reasons, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

---

drugs at time of shooting); and **Pierce**, **supra** (setting forth factors to succeed on claim of ineffective assistance of counsel)). It is not the role of this Court to develop an appellant's argument when the brief provides inadequate legal discussion. Therefore, because Appellant failed to comply with our rules of appellate procedure, we could have found waiver on that ground. **See** Pa.R.A.P. 2101, 2119(a); **see also Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18