J-S79006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN GORDINE, | |
| Appellant | No. 2219 EDA 2013 |

Appeal from the Judgment of Sentence entered June 21, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0005860-2007.

BEFORE:  ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 17, 2014**

Sean Gordine ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of second-degree murder and related charges.[1]  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> Appellant[, who was fifteen at the time of the incident,] and three co-defendants, Eric Gales, Isaiah Ransome and Jerry Ransome, were each arrested and charged with murder and related offenses in connection with a robbery and shooting in the Frankford section of Philadelphia on October 3, 2006.  During the course of the robbery, the

_____

[1] 18 Pa.C.S.A. § 2502(b).

_____

*Retired Senior Judge assigned to the Superior Court.

defendants fired shots at each of the four victims, robbing all and killing one.

The defendants were jointly tried by jury before the Honorable Carolyn [Engel] Temin. On June 13, 2008, the jury returned a partial verdict finding all four defendants not guilty of first degree murder, but deadlocking on the remaining charges.

A second jury trial was set to commence in May of 2009. Prior to the start of trial, the Commonwealth asked Judge Temin to reconsider several evidentiary rulings she had made prior to [Appellant's] first trial. Specifically, the Commonwealth sought the introduction of cell phone records and writings made by one or more of the defendants that had been ruled inadmissible at the previous trial. Judge Temin denied the Commonwealth's Motion to Reconsider. The Commonwealth appealed Judge Temin's ruling to the Superior Court, which vacated her Order. On March 3, 2011, defense counsel filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court. This Petition was denied on June 2, 2011. Appellant's case was then scheduled for retrial.

On December 14, 2012, at the conclusion of a second jury trial, the jury found [Appellant] guilty of second degree murder, three counts of robbery (F-1), three counts of aggravated assault (F-1), criminal conspiracy, possession of an instrument of crime and violating §§ 6106 and 6108 of the Uniform Firearms Act.

[Judge Temin retired prior to sentencing Appellant. Appellant's case was administratively reassigned to the Honorable Benjamin Lerner, S.J.] On June 21, 2013, the court sentenced [Appellant] to a prison term of thirty-five (35) years to life on the second degree murder bill, and concurrent prison terms of five (5) to ten (10) years on each of the robbery bills and two-and-one-half (2½) to five (5) years on the § 6106 bill. The court also imposed a sentence of five (5) to ten (10) years imprisonment on each aggravated assault bill to be served concurrent to each other, but consecutive to the sentence imposed on the murder bill. No further penalty was imposed on the remaining bills. Appellant's total aggregate sentence was forty (40) years to life.

Appellant filed post-sentence motions on July 1, 2013. Post sentence motions were denied by the court on July 5, 2013.

Trial Court Opinion, 6/23/14, at 1-3 (footnotes omitted). This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION WHEN IT OVERRULED A MOTION FOR MISTRIAL PROFFERED AFTER DETECTIVE BAMBERSKI OPINED THAT HE BELIEVED THAT JERRY RANSOME HAD TOLD HIM THE TRUTH?

2. IS 18 PA.C.S. § 1102.1 UNCONSTITUTIONAL BOTH UNDER THE PENNSYLVANIA AND UNITED STATES' CONSTITUTIONS BECAUSE IT VIOLATES THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THOSE DOCUMENTS?

3. IS 18 PA.C.S. 1102.1 [] UNCONSTITUTIONAL UNDER THE UNITED STATES' CONSTITUTION BECAUSE IT VIOLATES THE EQUAL PROTECTION CLAUSE IN THAT IT TREATS JUVENILES CONVICTED OF FIRST OR SECOND DEGREE MURDER AFTER ITS PASSAGE DIFFERENTLY THAN JUVENILES CONVICTED OF THE IDENTICAL CRIMES PRIOR TO ITS PASSAGE?

4. IS THE SENTENCE IMPOSED ON APPELLANT UNDER 18 PA.C.S. 1102.1 UNCONSTITUTIONAL UNDER THE UNITED STATES' AND PENNSYLVANIA CONSTITUTIONS BECAUSE IT VIOLATES THEIR RESPECTIVE EX POST FACTO CLAUSES?

5. DID THE SENTENCING COURT COMMIT AN ABUSE OF DISCRETION BY IMPOSING A SENTENCE THAT WAS FAR GREATER THAN NECESSARY TO REHABILITATE APPELLANT AND WHICH FAILED TO ADEQUATELY CONSIDER THAT APPELLANT WAS A JUVENILE WHEN THE CRIME HEREIN WAS COMMITTED AS WELL AS THE FACTORS SET FORTH IN [*Miller v. Alabama*, 132 S.Ct. 2455 (2012)] AND THE SENTENCING CODE?

Appellant's Brief at 3.

In his first issue, Appellant asserts that the trial court erred in denying his motion for mistrial. We recently reiterated the applicable standard of review as follows:

> It is well-settled that the review of a trial court's denial of a motion for mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Brooker*, 2014 PA Super 209, *10-11, ___ A.3d. ___ (Pa. Super. 2014) (citation omitted).

The following exchange at trial, between the Commonwealth and a police detective who took a statement from one of Appellant's co-defendants, provides the basis for Appellant's claim:

> Q. Detective Bamberski, I notice that you documented in here if [Jerry Ransome] was given a soda and the opportunity to use a bathroom. Why did you do that?
>
> A. Just, basically, to show that there was no coercion on anybody's part. I mean, it's - - you know, there are times when allegations are made and things of that nature in regards to what goes on in the Homicide Division. And in this case he was very forthcoming. He indicated that he wanted to talk and in my opinion was very truthful about the fact - -

[**JERRY RANSOME'S COUNSEL**]: Objection.

N.T., 12/12/12, at 33.

The trial court responded:

> **THE COURT**: The objection is sustained. The jury will totally disregard that last statement by the detective. What is true and what is not true is up to you to decide and nobody else's opinion, including mine, is relevant on that issue.
>
> So you are to totally wipe from your mind what the detective said. You are not to consider it in any way, shape or form. Truthfulness and accuracy of any testimony, including the statements that are being read to you so far are totally up to you to determine.

*Id.* at 33-34.

We initially note that the record supports the Commonwealth's contention that Appellant's claim is waived because he failed to make a timely motion for mistrial. *See* Pa.R.A.P. 605(b) (explaining that, in order to be timely, a motion for mistrial "shall be made when the [allegedly prejudicial] event is disclosed"). Here, Appellant did not join in Jerry Ransome's request for a mistrial until the conclusion of Detective Bamberski's testimony. *See* N.T., 12/12/12, at 74. Case law has held that such a delay renders a motion for mistrial untimely. *See*, *e.g.*, *Commonwealth v. Boring*, 684 A.2d 561, 568 (Pa. Super. 1996) (explaining that a motion for mistrial was untimely when it was made a considerable length of time after the prejudicial reference was made, and after the Commonwealth had concluded direct examination of its witness).

Even if not waived, the trial court found Appellant's claim to be meritless and belied by the record. According to the trial court:

> At trial, Detective Bamberski testified about the facts and circumstances surrounding Jerry Ransome's decision to give a detailed statement to police following his arrest. Detective Bamberski stated that he gave Jerry Ransome a soda and allowed him to use the rest room during the course of his interview. This testimony was elicited to demonstrate that Ransome was not coerced into giving his statement. Detective Bamberski further testified that Ransome was "very forthcoming" and in his opinion "very truthful." At that point, Jerry Ransome's attorney objected. He **did not** request a mistrial, as [Appellant] claims herein. The court sustained counsel's objection and immediately gave a curative instruction. The court told the jury it was to disregard Detective Bamberski's statement, and that it was up to the jury to determine the truthfulness and accuracy of any statement, including statements being read into evidence.
>
> The trial court did not abuse its discretion in failing to order a mistrial *sua sponte*. The testimony in issue was related only to Jerry Ransome's statement. It was not entered into evidence against [Appellant]. Moreover, the court gave an immediate instruction to the jury that it should not consider Detective Bamberski's opinion. Appellant was in no way prejudiced by the court's ruling.

Trial Court Opinion, 6/23/14, at 12.

Our review of the record supports the trial court's conclusions. The trial court's immediate curative instruction remedied any prejudice caused by detective's unsolicited opinion. **Brooker**, **supra**. Appellant's first issue fails.

Appellant next claims that the recently enacted juvenile sentencing provision found at 18 Pa.C.S.A. section 1102.1 is unconstitutional because it

- 6 -

"violates the United States and Pennsylvania constitutions' prohibition against cruel punishment found in the Eighth Amendment and Article 1, section 13, respectively, because it requires the imposition of a mandatory minimum sentence of thirty years' incarceration upon defendants fifteen years or older convicted of second-degree murder, a sentence that is the equivalent of a life sentence, without consideration of the factors set forth" in **Miller**, **supra**. Appellant's Brief at 26.

This Court has recently rejected a similar claim under the federal constitution made by a juvenile who was sentenced following the passage of Section 1102. **See Brooker**, **supra**; **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa. Super. 2014). As we are bound by these decisions, we need not discuss Appellant's claims further.

Moreover, as to Appellant's claim under the Pennsylvania constitution, we agree with the Commonwealth that Appellant has waived his challenge because his brief is devoid of the requisite independent constitutional analysis. **See generally**, **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991). Rather, Appellant concedes that the protection provided under both constitutions is co-extensive, and that Pennsylvania courts have repeatedly held that "the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." Appellant's Brief at 26 n.7. Accordingly, our decisions in both **Brooker** and **Lawrence** amply demonstrate why

Appellant's constitutional challenge is equally meritless under the Pennsylvania Constitution.

In his next two issues, Appellant asserts that Section 1102.1 is unconstitutional because it violates both the equal protection clause of the United States Constitution, as well as the prohibition against *ex post facto* laws contained in both the federal and state constitutions. Although Appellant did not raise these claims in his post-sentence motions, he asserts that they implicate the legality of his sentence and cannot be waived. ***See*** Appellant's Brief at 36-37. Addressing this same factual circumstance in ***Lawrence***, ***supra***, this Court thoroughly reviewed the distinction "between legal sentencing questions and an illegal sentence" claim. ***Lawrence***, 99 A.3d at **13. We then concluded:

> Because Appellant's Equal Protection and *Ex Post Facto Clause* arguments directly seek protection from legislatures, not judges, we hold that these arguments fall into the category of a sentencing issue that presents a legal question rather than a claim that the sentence is illegal.
>
> ***
>
> As a result, we conclude that the trial court was correct that Appellant waived his arguments under the Equal Protection and *Ex Post Facto Clauses* by not raising them in his post-sentence motion below.

***Id.*** at **17-18 (citation omitted).

Here, given our holding in ***Lawrence***, we agree with the trial court that Appellant has waived his remaining constitutional challenges.

Moreover, we note that in **Brooker**, **supra**, this Court addressed and rejected a claim that Section 1102 violated the *ex post facto* clauses of both the federal and state consitutions. **See Brooker**, 2014 PA Super 209, at **30-40.

In his final issue, Appellant challenges the discretionary aspects of his sentence. As this Court has summarized:

> Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his [or her] brief a concise statement of matters relied upon for allowance of appeal with respect to the discretionary aspects of his [or her] sentence. Pa.R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b)[.]
>
> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Marts**, 889 A.2d 608, 611-12 (Pa. Super. 2005) (footnote and citations omitted).

In his 2119(f) statement, Appellant asserts:

> [T]he sentencing court failed to consider [the **Miller**] factors, and thus further review should be granted.
>
> In the light most favorable to the Commonwealth, the evidence shows that [Appellant] was a minor participant in

- 9 -

the crime and that he was one of the youngest of the four persons who committed the crime. Moreover, given his age and involvement, it is respectively submit[ted] that a sentence of forty years to life was unreasonably harsh and requires further review.

Appellant's Brief at 53. We conclude that Appellant's sentencing claim has raised a substantial question. *See Commonwealth v. Seagraves*, 2014 PA Super 252, *7, ___ A.3d ___ (Pa. Super. 2014) (citing *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013) (concluding that defendant's discretionary sentencing claim raised after he was resentenced in light of *Miller* raised a substantial question; "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors "has been less than a model of clarity and consistency"). Thus, we reach the merits of Appellant's claim.

Our standard of review is well settled:

In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. When, as here, the trial court has the benefit of a presentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors.

*Seagraves*, at *8 (citations omitted).

As noted by the trial court, "[t]he transcript from [Appellant's] sentencing hearing on June 23, 2013 is not available. On June 20, 2014, this court held a hearing for purposes of re-creating the record [] from

[Appellant's] sentencing proceedings and directed counsel to submit a Statement [in lieu of transcript] pursuant to Pa.R.A.P. 1923 and 1924 for this court's approval." Trial Court Opinion, 6/23/14, at 2 n.4.

After receiving the statements, the trial court provided the following explanation for its sentencing choice in its Pa.R.A.P. 1925(a) opinion:

> In fashioning its sentence, the court considered [Appellant's] pre-sentence investigation, the facts and circumstances of [Appellant's] crimes, all of the testimony, evidence and arguments presented at [Appellant's] trial and sentencing hearing. The court also considered each of the factors listed above and the age-related factors espoused in *Miller*. Appellant's sentence was completely appropriate, and this court did not abuse its discretion when it imposed sentence.

Trial Court Opinion, 6/23/14, at 9-10.

Within his brief, Appellant provides no basis upon which we may conclude that the sentencing court abused its discretion. Because the sentencing court possessed a presentence report, we assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Seagraves*, *supra*. Of necessity, some of the information regarding Appellant disclosed in the presentence report would involve the factors discussed in *Miller*.

Moreover, the only statement made by Appellant in his Pa.R.A.P. 1923 statement was that the defense argued Appellant "was a follower, not a leader, and is amenable to rehabilitation." Rule 1923 Statement, 6/30/14,

- 11 -

at 1. We note, however, statements made by the Commonwealth in its detailed sentencing memorandum, submitted prior to Appellant's sentencing hearing. *See* Sentencing Memorandum, 5/16/13. This memorandum demonstrates that, despite his youth, Appellant had multiple contacts with the juvenile justice system and, in fact, was on probation at the time of the victim's murder.

Finally, because a thirty year sentence for Appellant's second-degree murder was mandatory, the only real discretion exercised by the sentencing court was in its sentencing of Appellant to an additional five years for the murder conviction, and its decision to run *one* of Appellant's remaining sentences consecutive to the sentence for the murder conviction. Given Appellant's multiple convictions and multiple victims, Appellant's sentencing claim fails. *See generally*, *Dodge*, *supra*.

In sum, because his claims on appeal are either waived or without merit, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2014

- 12 -