J-S01028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF S. DORSEY | |
| Appellant | No. 2207 EDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006743-2012

BEFORE: GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.: **FILED JANUARY 27, 2016**

Appellant, Jeff S. Dorsey, appeals from the June 26, 2014 aggregate judgment of sentence of 10 to 20 years' imprisonment, imposed after he was found guilty of one count each of involuntary deviate sexual intercourse (IDSI), indecent assault, and corruption of minors.[1] After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> The facts admitted at trial established that [] Appellant engaged in sexual relations with his stepdaughter over the course of several years. The victim, K.J., who was fifteen (15) years of age at the time of trial, testified that she, her mother, and her siblings lived with [] Appellant. [] Appellant would

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3126(a)(1), and 6301(a)(1)(ii), respectively.

watch her while her mom was at work. K.J. testified that one on [sic] occasion [] Appellant instructed her to show him her breasts and lower area in exchange for money. At trial K.J. recalled another incident when she walked through [] Appellant's home office to get to the kitchen and observed [] Appellant watching explicit videos on the computer. [] Appellant called her over and he asked K.J. to perform oral sex on him. She said no, but [] Appellant continued to ask her, pulled her hair, and eventually forced his penis into her mouth. K.J. testified that [] Appellant then touched her vagina with his hands. She testified that she told him to stop. At trial, K.J. recounted that this happened on more than one occasion. She testified that this began a few months after she moved into the house in 2010.

K.J. testified that she was too afraid to tell anyone about the incidents with her stepfather because she worried that she would end up in foster care, as [] Appellant had warned her. Eventually K.J. confided in a friend at school about the incident. She and her friend both agreed to tell the friend's mother, who in turn contacted the police.

Trial Court Opinion, 4/29/15, at 1-2 (internal quotation marks and citations omitted).

On November 1, 2012, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well one count each of sexual assault, indecent exposure, endangering the welfare of a child, two counts of aggravated indecent assault,[2] as well as one additional count of indecent assault. On March 11, 2014, Appellant proceeded to a jury

---

[2] 18 Pa.C.S.A. §§ 3124.1, 3127(a), 4304(a)(1), and 3125(a)(8), respectively.

trial, at the conclusion of which Appellant was found guilty of one count each of IDSI, indecent assault, and corruption of minors. The remaining charges were withdrawn. On June 26, 2014, the trial court sentenced Appellant to a total of 10 to 20 years' imprisonment.[3] Appellant did not file a post-sentence motion. On July 28, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following three issues for our review.

> I. Whether the evidence was insufficient to support [Appellant]'s conviction beyond a reasonable doubt for the offense of IDSI, person less than 16 years of age … Indecent Assault without consent of others … and Corruption of Minors[?]
>
> II. Whether improper prosecutorial opening remarks prejudiced [Appellant?]
>
> III. Whether improper prosecutorial opening remarks stating three times the case was a "he said/she said" type case thereby forcing [Appellant] to testify in contradiction to his

_____

[3] Specifically, the trial court imposed a sentence of 10 to 20 years' imprisonment for IDSI, two years' concurrent probation for indecent assault, and seven years' concurrent probation for corruption of minors.

[4] We observe that the 30th day fell on Saturday, July 26, 2014. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, July 28, 2014. As a result, his notice of appeal was timely filed. We further observe that Appellant and the trial court have timely complied with Pennsylvania Rule of Appellate Procedure 1925.

> [Fifth] Amendment rights improperly prejudiced [Appellant?]

Appellant's Brief at 2.

Appellant first argues that the evidence was insufficient to support any of his convictions. *Id.* at 7. However, before we may address the merits of this claim, we must determine whether it has been waived. Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of an appellate brief include "citation of authorities as are deemed pertinent." *Id.* at 2119(a). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, *Johnson v. Pennsylvania*, 131 S. Ct. 250 (2010); *see also, e.g.*, *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

In this case, Appellant's entire sufficiency argument consists of the following paragraph.

> Appellant incorporates his below arguments and respectfully states that evidence was insufficient to support [Appellant]'s conviction beyond a reasonable doubt for the offense of IDSI, person less than 16 years of age in violation of 18 Pa.C.S.A. [§ 3123(a)(7)], Indecent Assault without consent of others in violation of 18 Pa.C.S.A. [§ 3126(a)(1)]

> and Corruption of Minors in in [sic] violation of 18 Pa.C.S.A. [§ 6301(a)(1)(ii)] because at the outset of this case, the fact finder was irreparably prejudiced against [Appellant].

Appellant's Brief at 7.

Appellant's brief is devoid of any substantive discussion of our cases involving sufficiency of the evidence, which elements of the offenses the Commonwealth did not prove, or any other argument capable of meaningful appellate review. *Id.* Based on these considerations, we deem this issue waived on appeal. *See Johnson*, *supra*; *Whitley*, *supra*.

We elect to address Appellant's remaining two issues together, as they are interrelated. Appellant avers that the Commonwealth made several improper remarks during its opening statement that compelled him to waive his constitutional right to remain silent and testify in his own defense. Appellant's Brief at 7-10. The Commonwealth counters that its remarks were not improper, and even if they were, the trial court's instructions cured any possible prejudice and Appellant was not compelled to testify. Commonwealth's Brief at 5-11. However, as with Appellant's first issue, we must first determine whether Appellant has preserved these arguments for appeal.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has repeatedly emphasized the importance of issue preservation.

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013). "[E]ven where a defendant objects to specific conduct, **the failure to request a remedy such as a mistrial** or curative instruction is sufficient to constitute waiver." *Commonwealth v. Sandusky*, 77 A.3d 663, 670 (Pa. Super. 2013) (citation omitted; emphasis added), *appeal denied*, --- A.3d ---, 835 MAL 2013 (Pa. 2014). Furthermore, even constitutional claims can generally be waived. *Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015).

We begin our analysis with a chronological background of what occurred in the trial court regarding Appellant's claims. The Commonwealth referred to this case as a "he said/she said" case three times in its opening

statement. N.T., 3/12/14, at 64-65. Appellant immediately objected. **Id.** at 65. The trial court held a sidebar conference at which it informed the attorneys that it was going to repeat its previous instruction to the jury that Appellant had no obligation to produce any evidence. **Id.** at 66. Appellant stated "[that was] good enough for [him]." **Id.** After the sidebar conference concluded, the trial court gave the following instruction to the jury.

> Ladies and gentlemen of the jury I just want to -- I told you this in my opening remarks but I want to reinforce it. I want to reinforce it. In fairness to the Commonwealth, the Commonwealth also got just [sic] done saying it too, but it has to -- you have to understand there is no obligation. As a matter of fact it's a constitutional right founded in the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania that [Appellant] does not have to produce any evidence whatsoever. He does not have to say anything. He doesn't have to put [on] one bit of evidence. It is the Commonwealth's burden to prove this case beyond a reasonable doubt with the evidence they bring forward. That's it. And I was a little concerned about this he said/she said. And he told you too he doesn't have to say anything.

**Id.** at 68-69. Following this instruction, the trial court asked Appellant if the instruction was sufficient, to which Appellant responded "[y]es Your Honor." **Id.** at 69. The Commonwealth then continued its opening statement, telling the jury that "when you see that evidence at the conclusion of this case **you'll know, as I do**, that this is a case of a stepdad child molester." **Id.** at 70 (emphasis added). Appellant did not object to this remark.

During the trial, Appellant elected to testify in his own defense. N.T., 3/13/14, at 95. Before doing so, the trial court conducted a colloquy with Appellant, during which Appellant acknowledged that he had both a right to testify and not to testify in his own defense at trial. *Id.* at 89-93. At no point in time did Appellant raise any claim regarding the Fifth Amendment, or that he felt cornered in any way by the remarks made by the Commonwealth in its opening statement. In addition, as noted above, Appellant did not file a post-sentence motion in this case.

After careful review of the certified record, we conclude Appellant has failed to preserve these issues for our review. As noted, Appellant's objection to the Commonwealth's labeling this as a "he said/she said" case was immediately sustained by the trial court and a thorough cautionary instruction was given, which Appellant agreed was sufficient. It is axiomatic that the jury is presumed to have followed the trial court's instructions. *Commonwealth v. Arrington*, 86 A.3d 831, 853 (Pa. 2014) (citation omitted), *cert. denied*, *Arrington v. Pennsylvania*, 135 S. Ct. 479 (2014). Appellant did not request a mistrial or any other additional form of relief from the trial court. Furthermore, Appellant lodged no objection to the Commonwealth's "you'll know, as I do" remark to the jury. The trial court conducted a thorough colloquy with Appellant concerning his rights to testify and to remain silent. Appellant elected to testify in his own defense and did not raise any Fifth Amendment claims with the trial court. Therefore, we

deem Appellant's remaining two issues waived on appeal for want of preservation. *See F.C.*, *supra*; *Lawrence*, *supra*; *Sandusky*, *supra*.

Based on the foregoing, we conclude all of Appellant's issues on appeal are waived for either lack of development or lack of preservation in the trial court. Accordingly, the trial court's June 26, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016