J-S01015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN R. ELISHA, | : | |
| | : | |
| Appellant | : | No. 1937 EDA 2014 |

Appeal from the Judgment of Sentence June 6, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0005787-2010;
CP-51-CR-0009933-2010

BEFORE: GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 08, 2016**

Brian R. Elisha ("Elisha") appeals from the judgment of sentence, entered at CP-51-CR-0009933-2010, following his conviction of robbery, firearms not to be carried without a license and possession of an instrument of crime and possession of a firearm by a prohibited person (collectively, "the robbery charges").[1]   Elisha further appeals from the judgment of sentence, entered at CP-51-CR-0005787-2010, following his conviction of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession or use of drug paraphernalia (collectively, "the drug charges").[2]  We vacate the judgment of sentence and remand for resentencing.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 6106(a)(1), 907(a), 6501(a)(1).

[2] 35 P.S. §§ 780-113(a)(16), (30), and (32).

In separate proceedings, Elisha was found guilty of the robbery charges and the drug charges. On May 27, 2014, Elisha filed a Petition to Bar Application of Mandatory Minimum Sentencing Statutes. After a hearing, the trial court denied Elisha's Petition. On June 6, 2014, the trial court sentenced Elisha, for his conviction of the robbery charges and the drug charges, to an aggregate prison term of five to ten years.

The trial court described what next transpired as follows:

> On June 27, 2014, [Elisha] timely filed a Notice of Appeal [of the robbery charges] with the Superior Court of Pennsylvania ("Superior Court"). However, [Elisha's] appeal failed to include [the drug charges], whereupon[,] on October 1, 2014, [Elisha] petitioned [the] Superior Court for leave to amend the Notice of Appeal. On October 21, 2014, [the] Superior Court] granted leave to so amend, to add [the drug charges]. On October 27, 2014, [Elisha] filed an Amended Notice of Appeal with [the] Superior Court, adding [the drug charges] to the instant appeal of [the robbery charges].

Trial Court Opinion, 2/20/15, at 2.

Elisha presents the following claim for our review:

> Did the [trial] court err in sentencing [Elisha] to 5-10 years for robbery and 1 to 2 years for PWID[,] where mandatory minimum and deadly weapon enhancement statutes violate **Alleyne v. United States**[, ___ U.S. ___, 133 S.Ct. 2151, 186 L. Ed. 2d 314 (2013),] as statutes require the [sentencing] court to make a factual finding by a preponderance of the evidence prior to increasing a defendant's sentence?

Brief for Appellant at 4.

In its Opinion, the trial court correctly acknowledged that Pennsylvania courts, applying **Alleyne**, have concluded that the mandatory minimum sentences set forth at 42 Pa.C.S.A. § 9712 and 18 Pa.C.S.A. § 7508 are

unconstitutional. **See** Trial Court Opinion, 2/20/15, at 23. **See also**

**Commonwealth v. Fennell**, 105 A.3d 13, 20 (Pa. Super. 2014) (applying

**Alleyene** and concluding that 18 Pa.C.S.A. § 7508 is unconstitutional);

**Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014)

(applying **Alleyene** and concluding that 42 Pa.C.S.A. § 9712 is

unconstitutional). The trial court further stated the following:

> With respect to both 42 Pa.C.S.[A.] § 9712, and 18 Pa.C.S.[A.] § 7508, this [c]ourt would willingly accept a remand for resentencing because new rulings pertaining to cases on direct appeal are entitled to retroactive effect[,] so long as the applicable issue is preserved.[3]
>
> Therefore, this [c]ourt will not contest the vacating of the mandatory sentence with remand to resentence [Elisha] in a traditional, individualized manner consistent with the current state of Pennsylvania criminal law.

Trial Court Opinion, 2/20/15, at 23-24 (citations omitted).

As recognized by the trial court, the mandatory minimum sentencing

provisions set forth at 42 Pa.C.S.A. § 9712 and 18 Pa.C.S.A. § 7508 are

unconstitutional in light of **Alleyene**. Accordingly, we vacate the judgment

of sentence and remand for resentencing without the application of the

mandatory minimum sentencing provisions set forth at 42 Pa.C.S.A. § 9712

and 18 Pa.C.S.A. § 7508.

---

[3] Issues pertaining to **Alleyne** implicate the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa. Super. 2014). Accordingly, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014).

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2016