J-S60028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| THOMAS KEN IRWIN, | : | |
| Appellant | : | No. 207 WDA 2017 |

Appeal from the Judgment of Sentence January 25, 2017
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000095-2016

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 18, 2018**

Appellant, Thomas Ken Irwin, appeals from the Judgment of Sentence entered by the Potter County Court of Common Pleas following his conviction after a jury trial of Driving Under the Influence (General Impairment) ("DUI").[1]  After careful review, we affirm.

In the early morning hours of November 26, 2015, while on patrol in a marked car, State Troopers Andrea Pelachick ("Trooper Pelachick") and James Culvey ("Trooper Culvey") of the Coudersport station observed Appellant driving a 1997 Dodge Ram as it slowly weaved, touching and crossing both the centerline and the fog line several times.  Trooper Pelachick eventually pulled Appellant over.

---

[1] 75 Pa.C.S. § 3802(a)(1).

---

* Former Justice specially assigned to the Superior Court.

Upon stopping his vehicle, Appellant exited the truck while the Troopers were running Appellant's registration in their patrol car. When Appellant put his right hand into his back pocket while approaching the patrol car, Trooper Pelachick ordered Appellant to show his hands and stand by the back of his vehicle for officer safety. Appellant appeared unsteady on his feet and swayed while standing, he was very slow and sluggish, he slurred and stuttered while speaking, and he used his hands to steady himself on the side of his vehicle. Appellant's eyes were glassy and bloodshot, and both Troopers smelled a very strong odor of alcohol on his breath from a few feet away.

Appellant could not produce a valid driver's license, despite telling Trooper Pelachick twice that he had a license. Appellant would not submit to any field sobriety tests, despite four offers, and would not answer some of Trooper Pelachick's questions about his suspected alcohol consumption. Twice, Appellant told Trooper Pelachick to "just put the cuffs on me." N.T. Trial, 12/15/16, at 74-75.

Trooper Pelachick arrested Appellant, patted him down, placed him in the patrol car, and drove him to the hospital for a blood test. Appellant refused to consent to the blood test after Trooper Pelachick gave the

*O'Connell* warnings[2] provided in the DL-26 form and refused to sign the form acknowledging that he had received the warnings. After Trooper Pelachick read *Miranda*[3] warnings, Appellant refused to answer any questions.

The Commonwealth charged Appellant with DUI, as well as summary offenses. Appellant proceeded to a jury trial, representing himself. During a pre-trial hearing on the day of trial, Appellant presented five distinct issues addressing evidence he sought to admit at trial: (1) his request to present a copy of the video footage from the patrol car; (2) his request to "reserve an opening;" (3) his desire to present a "blood alcohol content chart" with an easel; (4) his request to admit blood testing kits, breathalyzers, and information from the manufacturers to show their inaccuracies; and (5) evidence regarding why he did not present a valid driver's license. He also sought paperwork completed by Trooper Pelachick, and moved to strike Trooper Pelachick's testimony for failure to provide this statement. The trial court denied the motion because Appellant did not request that specific discovery and Trooper Pelachick had not prepared any paperwork or statements. N.T. Trial, 12/15/16, at 9-23. Trial proceeded immediately thereafter.

---

[2] *See Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

At trial, the Commonwealth presented testimony from Trooper Pelachick and Trooper Culvey. Both Troopers testified about Appellant's behavior the night of his arrest and opined that Appellant had been under the influence of alcohol to a sufficient degree that rendered him incapable of driving safely. The court admitted into evidence video footage from the Troopers' patrol car showing Appellant driving erratically, as well as Appellant's behavior during the stop and the short drive to the hospital. Appellant presented testimony from Todd Williams, his regular bartender, and Charles Chappell, the owner of the vehicle. Appellant also testified in his own defense, and admitted that he had been drinking alcohol the night the Troopers had pulled him over.

The jury convicted Appellant of DUI.[4] On January 25, 2017, the trial court sentenced Appellant to 3 to 24 months' incarceration. The trial court did not impose a mandatory minimum sentence of incarceration based on Appellant's refusal to consent to a blood test.

On January 26, 2017, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

---

[4] The trial court found Appellant guilty of the summary offenses of Driving Without a License, Driving While Operating Privilege Suspended or Revoked, Disregarding Traffic Lanes (Single Lane), and Careless Driving after a bench trial. 75 Pa.C.S. § 1501; 75 Pa.C.S. § 1543; 75 Pa.C.S. § 3309(1); and 75 Pa.C.S. § 3714(a), respectively.

I. Did the Commonwealth taint the verdict by repeatedly making improper references to [Appellant's] post-arrest silence and by asking the jury "What is he hiding from you? What is he not wanting you to know?"

II. Was the introduction of [Appellant's] refusal to submit to an unlawful warrantless blood test as substantive evidence of guilt an improper penalty for the exercise of his constitutional rights?

Appellant's Brief at 5.

Appellant's first issue involves allegations of prosecutorial misconduct at trial for commenting on Appellant's post-arrest silence during testimony, opening statements, and closing arguments. Before we address the merits of Appellant's issue, we must first determine whether Appellant preserved any aspect of this issue in the court below.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. A defendant's failure to object contemporaneously constitutes a waiver of any claim regarding improper police testimony about his silence, as well as prosecutorial commentary about his silence during closing argument. *Commonwealth v. Adams*, 39 A.3d 310, 319-20 (Pa. Super. 2012). *See also Commonwealth v. Rivera*, 983 A.2d 1211, 1229-30 (Pa. 2009) (same).

While this Court is willing to construe materials filed by a *pro se* appellant liberally, "*pro se* status confers no special benefit upon an appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise

and legal training will be his undoing." *Id.* Appellant's *pro se* status does not relieve Appellant of his duty to raise properly and develop his appealable claims. *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996).

Our review of the trial transcript shows that Appellant failed to preserve the instant issue at trial. Appellant did not object to any aspect of the prosecutor's opening or closing statements. *See* N.T. Trial, 12/15/16, at 33-42, 218-22. Appellant did not object to any of the pertinent testimony by Trooper Pelachick or Trooper Culvey that he now challenges for the first time on appeal. In fact, Appellant himself specifically asked numerous questions about his silence during his cross-examination of both Trooper Pelachick and Trooper Culvey. *Id.* at 101-04, 115-16, 127-30, 212-13.[5]

Appellant argues that he preserved this claim during a pre-trial hearing, at which he purportedly objected to any testimony about his refusal to answer questions or submit to a blood test. Appellant's Brief at 13-14. Although he acknowledges the trial court never "directly rule[d] on the objection," Appellant essentially avers that raising the issue pre-trial relieved him of any further obligation to preserve the issue for appeal. *Id.* at 14. Appellant further avers that he "attempted to object throughout his trial,

---

[5] Appellant discussed his own silence during his testimony and in his opening and closing arguments. *See* N.T. Trial, 12/15/16, at 45-48 ("My refusal of everything. I refused the breathalyzer. I refused roadside sobriety test. . . . [S]o I exercised the [F]ifth [A]mendment right that every American has in the [C]onstitution to refrain from convicting myself on the roadside."); 182-85 (testifying regarding his silence).

despite being admonished to cease doing so[,]" specifically during his own opening statement and during his own testimony. *Id.* We disagree.

At the pre-trial hearing on the day of trial, Appellant requested the admission of blood testing kits, breathalyzers, and information from the manufacturers to show their inaccuracies in the event that the prosecutor planned to rely on the evidence of Appellant's refusal to submit to blood testing to suggest he was guilty. N.T. Trial, 12/15/16, at 13-18. Appellant mentioned the Fifth Amendment and his right to remain silent in explaining why he wanted to introduce this evidence. *Id.* at 17-18. At no point in the pre-trial proceeding did Appellant seek to preclude any of the Commonwealth's evidence, lodge a specific objection regarding such evidence, or otherwise preserve the instant issue on appeal.

After careful review of the certified record, we conclude that Appellant has waived this first issue on appeal. *See* Pa.R.A.P. 302; *Adams*, 39 A.3d at 319-20; *Rivera*, 983 A.2d 1229-30.

In his second issue, Appellant essentially avers that 75 Pa.C.S. § 1547(e),[6] Pennsylvania's implied consent statute, is unconstitutional in light

---

[6] Pennsylvania's implied consent statute reads, in relevant part, as follows:

> **(e) Refusal admissible in evidence.--**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as

*(Footnote Continued Next Page)*

- 7 -

of ***Birchfield v. North Dakota***, ____ U.S. ____, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (2016).[7]  Appellant further argues that under ***Birchfield***, the application of Section 1547(e), an evidentiary provision, is unconstitutional because the admission of evidence of a defendant's refusal to submit to a blood test is, in essence, an impermissible penalty for the exercise of his constitutional rights.  Appellant's Brief at 20-27.

_(Footnote Continued)_ ───────────

> required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(e).

[7] This Court recently described the ***Birchfield*** holding as follows:

> In ***Birchfield***, the United States Supreme Court held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense."  ***Id.*** at 2185-86.   Accordingly, this Court has recognized that Pennsylvania's implied consent scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test.  ***Commonwealth v. Ennels***, 167 A.3d 716, 724 (Pa. Super. 2017), _reargument denied_ (Sept. 19, 2017) (noting that "implied consent to a blood test cannot lawfully be based on the threat of such enhanced penalties"); ***Commonwealth v. Evans***, 153 A.3d 323, 330-31 (Pa. Super. 2016).

***Commonwealth v. Kurtz***, ____ A.3d ____, 2017 PA Super 336 (Pa. Super. Filed Oct. 23, 2017).  Relevant to Appellant's claim, the ***Birchfield*** Court clarified that its holding should not be read to cast doubt on the propriety of rules allowing for evidentiary consequences resulting from a motorist's refusal to consent to a blood draw.  ***Birchfield***, 136 S.Ct. at 2185.

Before we address the merits of Appellant's issue, we again must determine whether Appellant has preserved this issue in the lower court. As noted above, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. This Court has held that even "issues regarding the constitutionality of a statute can be waived" if not preserved below. *Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014) (citation and quotation marks omitted).

Appellant argues that he preserved this second issue during the pre-trial hearing, when he purportedly objected to any testimony about his refusal to answer questions and to submit to a blood test. Appellant's Brief at 20-21. As described above, Appellant raised six evidentiary matters at the pre-trial hearing, but he did not challenge the constitutionality of 75 Pa.C.S. § 1547(e). *See* N.T. Trial, 12/15/16, at 9-23. Rather, he mentioned the general parameters of *Birchfield* in the context of his explanation about why the trial court should allow his evidence of blood testing kits, breathalyzers, and information from the manufacturers. *See* N.T. Trial, 12/15/16, at 13-18.

In addition, our review of the certified record shows that Appellant never sought to preclude any of the Commonwealth's evidence regarding his refusal to submit to blood testing, and never lodged a specific objection to any of the testimony regarding such evidence during trial. In fact, during his

own testimony at trial, Appellant repeatedly discussed his refusal to submit to blood testing. *See id.* at 184-87, 189, 198, 204-05.

Significantly, after the trial court instructed the jury that it could consider Appellant's refusal of blood testing as evidence of his consciousness of guilt, the court asked Appellant if he had any questions or objections regarding the jury instructions. Appellant responded "No, Your Honor." *Id.* at 231.

After careful review of the certified record, we conclude that Appellant has waived this second issue on appeal. *See* Pa.R.A.P. 302; *Lawrence*, 99 A.3d 122.[8]

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2018

_____

[8] We reiterate our observation that the trial court did not impose a mandatory minimum sentence of incarceration based on Appellant's refusal to consent to a blood test. Thus, there are no concerns regarding the legality of Appellant's sentence under *Birchfield*.