J-S63021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
               v.               :
                                 :
                                 :
RAFIK STILES                    :
                                 :
            Appellant         :    No. 497 EDA 2018

Appeal from the PCRA Order January 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001997-2013,
CP-51-CR-0005681-2013

BEFORE:    GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED DECEMBER 10, 2019**

Rafik Stiles (Appellant) appeals *pro se* from the order dismissing his

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history:

> On October 24, 2014, a jury found [Appellant] guilty of two
> counts of first-degree murder, and two counts of Violation of the
> Uniform Firearms Act (VUFA) § 6106.  On April 28, 2015, after a
> hearing pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012),
> [Appellant] was sentenced to forty years to life imprisonment for
> the first-degree murder of Kyle Featherstone; [40] years to life
> imprisonment for the first-degree murder of Barbara Crowder;
> and a concurrent sentence of two-and-one half to five years for
> each VUFA conviction.  [Appellant] was sentenced to an aggregate
> sentence of forty years to life.
>
> On July 19, 2016, the Superior Court affirmed this [c]ourt's
> judgment of sentence.  [***See Commonwealth v. Stiles***, 143 A.3d

---

[*] Retired Senior Judge assigned to the Superior Court.

968 (Pa. Super. 2016)].  On December 6, 2016, the Pennsylvania Supreme Court denied *allocatur*.

On May 25, 2017, [Appellant] filed a timely *pro se* PCRA petition.  PCRA counsel was appointed to represent [Appellant].  On October 26, 2017, PCRA counsel filed [a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)].

*      *      *

On December 21, 2017, this [c]ourt . . . sent [Appellant] a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 of Intent to Dismiss.  On January 09, 2018, [Appellant] filed "Petitioner's *Pro Se* Motion for Leave to Amend and Objections to the Notice of Intent to Dismiss."

. . . On January 22, 2018, this [c]ourt denied [Appellant]'s motion, formally dismissed the PCRA and permitted PCRA counsel to withdraw.  On February 17, 2018, [Appellant] filed a [*pro se*] notice of appeal to the Superior Court.  On March 12, 2018, the Petitioner filed a 1925(b) Statement of Matters Complained of on Appeal.  On May 18, 2018, this [c]ourt filed its Opinion.

On January 24, 2019, the Superior Court issued an Order (1) directing this [c]ourt to provide [Appellant] with copies of the notes of testimony and other documents; (2) permitting the [Appellant] to file a supplemental 1925(b) Statement; and (3) directing this Court to file a supplemental Opinion.  All documents were sent to [Appellant] on February 5, 2018.

On February 25, 2019, [Appellant] filed a "Final Statement of Matters Complained of on Appeal Pursuant to Pa.R.Crim.P. Rule 1925(b)."  In that 1925 (b) Statement, [Appellant] directs:  "that no claim from his March 12, 2018, 1925(b) Statement will be litigated and that his amended claims were all contained in his amended 1925 (b) statement dated 10/29/18."

J-S63021-19

PCRA Court Supplemental Opinion, 4/16/19, at 1-3 (footnotes omitted).[1]

On appeal, Appellant presents the following issues for review:

I.    Trial Counsel was ineffective pursuant to the **Strickland** standard for failing to request/file a Motion to Remove From Criminal Proceedings and request for an expert witness to evaluate [Appellant] since he was seventeen (17) years of age at the time of the crime and pursuant to 42 Pa.C.S.A. § 6322. Such proceedings can be instituted, thus, the failure violated [Appellant]'s Sixth and [Fourteenth] Amendment Rights.

II.   Pursuant to the compulsory process of the Sixth Amendment, trial counsel rendered ineffective for failing to request that an expert witness evaluate [Appellant] since he was a juvenile at the time of the crime and was eligible for such proceedings pursuant to 42 Pa.C.S.A. § 6322.

III.  Pursuant to the Eighth and Fourteenth Amendments, [Appellant] posits that 18 Pa.C.S.A. § 1102.1 is unconstitutional on its face as it violates the fundamental principles of **Miller v. Alabama**, 567 U.S. 460 (2012). Moreover, the sentence imposed in light of Section 1102.1 (forty (40) to Life) violates the prohibition of **Miller** regarding a mandatory sentencing scheme since the plain language of Section 1102.1 contains mandatory language that forces the sentencer [*sic*] to impose a mandatory minimum sentence, thus, violating **Miller** and creating an illegal sentence.

IV.   Direct Appeal Counsel was ineffective for failing to properly develop, in [Appellant]'s first direct appeal as of right, the claim challenging the sufficiency of the evidence to sustain the conviction of First[-]Degree Murder when he failed to include the specific elements he was challenging in the initial 1925(b)

_____

[1]  On February 17, 2018, Appellant filed a single notice of appeal from the two, separate judgments of sentence, which the trial judge entered at two, separate docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Supreme Court of Pennsylvania held that a single notice of appeal does not suffice for appeals from multiple dockets. The **Walker** Court, however, applied its decision only prospectively. Here, Appellant's appeal predates **Walker** by several months. Thus, **Walker** is inapplicable.

- 3 -

Statement, thus, allowing the Superior Court to deem the claim waived and not address the merits.

V. Trial Counsel was ineffective, pursuant to the **Strickland** standard, when he failed to request, pursuant to **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014)[,] an identification expert to establish whether under the circumstances of the identification of at least four (4) witnesses, the procedures were duly suggestive.

Appellant's Brief at 6.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Appellant's first, second, and fifth issues each allege ineffective assistance of Trial Counsel. As the PCRA court, the Commonwealth, and the record indicate, Appellant did not raise these issues in his PCRA petition or his response to the PCRA court's Rule 907 notice, and thus, he raises them for the first time on appeal. **See** PCRA Court Supplemental Opinion, 4/16/19, at 13-14; Commonwealth's Brief at 5; PCRA Petition, 5/25/17; [Appellant]'s *Pro Se* Motion for Leave to Amend and Objections to the Notice of Intent to Dismiss, 1/9/18. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. 2011) (quotations and citations omitted); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised

- 4 -

for the first time on appeal."). Accordingly, as Appellant did not raise his first, second, and fifth issues before the PCRA court, he has waived them on appeal.

For his third issue, Appellant argues that 18 Pa.C.S.A. § 1102.1, the statute pursuant to which the trial court sentenced Appellant to 40 years to life imprisonment, is unconstitutional. Appellant asserts that Section 1102.1 is unconstitutional because it sets forth a mandatory sentencing scheme for juveniles who commit murder in violation of *Miller v. Alabama*, 567 U.S. 460 (2012). Consequently, Appellant contends that his sentence is illegal.

Section 1102.1 governs the sentencing of individuals under the age of 18 for murder and states, in pertinent part, as follows:

> **§ 1102.1. Sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer**
>
> (a) **First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
>> (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.

18 Pa.C.S.A. § 1102.1(a)(1).

In *Miller*, the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. This Court, however, has held that Section 1102.1

is not unconstitutional under **Miller**.  **See Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014).

In **Lawrence**, we explained:

> **Miller** is limited to legislative schemes which "require[ed] that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes[.]"  **Miller**, **supra**.  Section 1102.1 does not contain such a sentencing scheme.  In fact, Section 1102.1(d) does require the trial court to consider various age-related factors before the trial court may impose a sentence of life without parole.  **See** 18 Pa.C.S.A. § 1102.1(d).

> We do not read **Miller** to mean that the Eighth Amendment categorically prohibits a state from imposing a mandatory minimum imprisonment sentence upon a juvenile convicted of a crime as serious as first-degree murder.

> \*    \*    \*

> Even under **Miller**, a state still may impose life without parole for homicide offenses, preventing a juvenile like Appellant, from ever obtaining any hope of release from confinement.  Based on these considerations, we conclude that Section 1102.1 does not offend the Cruel and Unusual Punishment Clause of the Eighth Amendment.

**Id.** at 121-22 (footnotes and some citations omitted).

Thus, because this Court has held that Section 1102.1 is not unconstitutional under **Miller**, Appellant's sentence of 40 years to life imprisonment is not illegal.  Accordingly, Appellant's third issue fails.

Finally, for his fourth issue, Appellant argues that Appellate Counsel was ineffective for failing to preserve his challenge to the sufficiency of the evidence for his first-degree murder convictions for review on direct appeal.

Appellant asserts that there was insufficient evidence to prove that he was the individual who shot and killed both Featherstone and Crowder.

With respect to ineffective assistance of counsel claims, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce*** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

In reviewing a challenge to the sufficiency of the evidence, we recognize:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak

and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

Section 2502 of the Pennsylvania Crimes Code defines murder of the first degree as follows: "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S.A. § 2502(a). To obtain a conviction of first-degree murder, the Commonwealth must demonstrate:

"[A] human being was unlawfully killed, the defendant perpetrated the killing, and the defendant acted with malice and a specific intent to kill." *Commonwealth v. Montalvo, M.*, 986 A.2d 84, 92 (Pa. 2009) (quoting *Commonwealth v. Kennedy*, 959 A.2d 916, 921 (Pa. 2008)); *accord* 18 Pa.C.S.[A.] § 2502(a) & (d) (defining first degree murder as an "intentional killing," which is further defined as a "[k]illing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing."). The Commonwealth may prove the specific intent to kill

necessary for first[-]degree murder wholly through circumstantial evidence. ***Commonwealth v. Rega***, 933 A.2d 997, 1009-10 (Pa. 2007).

***Com. v. Ovalles***, 144 A.3d 957, 969 (Pa. Super. 2016) (some citations omitted or modified).

Rather than challenge the sufficiency of the evidence to support any of the applicable elements of the offense, Appellant contends that the evidence was insufficient to prove that he was the individual that shot and killed both Featherstone and Crowder. Consequently, we do not review the evidence to determine whether it can support a finding that the Commonwealth proved all of the elements of first-degree murder, but focus on the specific sufficiency issue raised by Appellant – whether the evidence was sufficient to establish that Appellant was the shooter.

Instantly, the Commonwealth presented sufficient evidence to identify Appellant as the individual who shot Featherstone and Crowder. With respect to Featherstone, the Commonwealth introduced the statement Appellant's sister, Katrina Session (Session), gave to police. In her statement, Session told police that she directly observed her brother (Appellant) shoot and kill Featherstone. N.T., 10/17/14, at 74-75. Regarding Crowder, the Commonwealth introduced the statement Appellant's girlfriend, Sapphia Pressley (Pressley), gave to police. Pressley also told police that she directly observed Appellant kill Crowder. N.T., 10/21/14, at 13-14. Although both witnesses recanted these statements at trial, the record contains sufficient

evidence, if believed by the finder of fact, establishes beyond a reasonable doubt that Appellant was the individual who shot and killed both Featherstone and Crowder. *See Commonwealth v. Brown*, 52 A.3d 1139, 1171 (Pa. 2012) (holding that witnesses' out-of-court statements to police may be sufficient to sustain a conviction even if the statements were recanted at trial).

Appellant's challenge to the sufficiency of the evidence supporting his first-degree murder convictions lacks merit. Thus, Appellate Counsel was not ineffective for failing to preserve the claim. *Commonwealth v. Sneed*, 45 A.3d 1096, 1115 (Pa. 2012) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/19