J-S08006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNATHAN DELACRUZ | : | |
| | : | |
| Appellant | : | No. 1205 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 26, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004611-2019

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 27, 2022**

Johnathan Delacruz appeals from his judgment of sentence of life imprisonment without possibility of parole ("LWOP") following his conviction for murder in the second degree and related crimes. We affirm.

The trial court provided an extensive, detailed description of the facts underlying Appellant's conviction which we need not reproduce here. ***See*** Trial Court Opinion, 11/3/21, at 1-8. Succinctly, Appellant and Capreece Sudler were passengers in a car that was in line at a McDonald's drive-through when the victim, Isai Colon, approached the car and inquired whether the occupants desired to purchase marijuana. Appellant and Sudler, who were both armed, decided to rob Mr. Colon. While attempting to pistol-whip Mr. Colon during the course of the robbery, Appellant's gun discharged into Mr. Colon. Appellant and Sudler fled on foot. Mr. Colon died as a result of

the gunshot wound. Sudler testified as to these facts at trial, and a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy. On August 25, 2021, the trial court imposed the mandatory sentence of LWOP for the murder conviction[1] and a concurrent sentence of fifty-four months to ten years for conspiracy.[2] Appellant did not file a post-sentence motion, but he did file a timely notice of appeal. Thereafter, both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions to this Court:

A. Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish that [Appellant] caused the death of another while engaged in a felony, specifically robbery, nor conspiracy to the same?

B. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to the evidence and shocks one's sense of justice wherein the Commonwealth's evidence presented at trial failed to establish that [Appellant] caused the death of another while engaged in a felony, specifically robbery, nor conspiracy to the same?

C. Whether the court's sentence was illegal, unconstitutional, and cruel and unusual wherein the sentence imposed [i]s a lifetime sentence, the statutorily required sentence for murder in the second degree?

---

[1] That statute states that, "[e]xcept as provided under section 1102.1 [regarding sentences for juveniles convicted of murder], a person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment." 18 Pa.C.S. § 1102(b).

[2] The robbery conviction merged for purposes of sentencing. **See** N.T. Sentencing, 8/25/21, at 3.

- 2 -

Appellant's brief at 5-6 (unnecessary capitalization omitted).

The following legal principles apply to our review of Appellant's claims

of error. As to Appellant's sufficiency challenge, we bear in mind:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa.Super. 2018) (cleaned up).

Appellant's claim that the verdict was against the weight of the evidence

is governed by the following principles:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1286 (Pa.Super. 2020)

(cleaned up).

We review Appellant's challenge to the constitutionality of the mandatory sentence of LWOP for second-degree murder mindful that "[a]s the constitutionality of a statute presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary," and that "a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution.  If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality."  **Commonwealth v. Lawrence**, 99 A.3d 116, 118 (Pa.Super. 2014) (cleaned up).

After a thorough review of the certified record, the parties' briefs and the applicable law, we discern no error of law or abuse of discretion on the part of the trial court as to the issues raised by Appellant, and we affirm the judgment of sentence on the basis of the cogent and well-reasoned opinion that Honorable Scott E. Lash entered on November 3, 2021.

Specifically, Judge Lash observed that the law and the evidence, including reasonable inferences therefrom, supported the jury's finding that Appellant and Sudler conspired to rob Mr. Colon, and that his death occurred during the course of the robbery.  **See** Trial Court Opinion, 11/3/21, at 9-12 (detailing the elements of the crime and Sudler's testimony).  Appellant's argument that the verdict is unsound because it is based upon Sudler's "biased and self-motivated testimony" is unavailing.  Appellant's brief at 18.  **See**, **e.g.**, **Commonwealth v. Griffin**, 65 A.3d 932, 939 (Pa.Super. 2013)

(observing that an attack on the credibility of the Commonwealth's witness "goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded.").

We further conclude that the trial court properly rejected Appellant's challenge to the weight of the evidence as waived. **See** Trial Court Opinion, 11/3/21, at 12-13. **See also Commonwealth v. Mbewe**, 203 A.3d 983, 988 (Pa.Super. 2019) ("[A] challenge to the weight of the evidence must be raised with the trial judge [pursuant to Pa.R.Crim.P. 607] or it will be waived." (cleaned up)); Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.").

Finally, Judge Lash accurately applied this Court's precedent to conclude that a LWOP sentence for second-degree murder is not unconstitutional. **See** Trial Court Opinion, 11/3/21, at 13-14 (citing, *inter alia*, **Commonwealth v. Rivera**, 238 A.3d 482, 503 (Pa.Super. 2020) (discussing continued viability of precedent holding that LWOP sentence for second-degree murder is not unconstitutionally cruel and unusual punishment)).

As to all of the foregoing points, we adopt the trial court's reasoning as our own and affirm Appellant's judgment of sentence on those bases.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2022