J-S11025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN GIBBONS | : | |
| | : | |
| Appellant | : | No. 1055 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 11, 2024
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000925-2023

BEFORE:  MURRAY, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: April 9, 2025**

Appellant, Nathan Gibbons, appeals *pro se* from the judgment of sentence entered in the Cambria County Court of Common Pleas, following his bench trial convictions for persons not to possess firearms, two counts of possession of a controlled substance, two counts of possession of a controlled substance with the intent to deliver ("PWID"), and possession of drug paraphernalia.[1]  We dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On August 2, 2024, the trial court convicted Appellant of the above-mentioned offenses.  That same day, the court scheduled sentencing to take place on September 11, 2024.  Prior to sentencing and while still represented by counsel of record, however, Appellant filed a premature *pro se* notice of appeal

---

[1] 18 Pa.C.S.A. § 6105; 35 P.S. § 780-113(a)(16), (30), (32), respectively.

on August 16, 2024.[2]  On September 11, 2024, the court sentenced Appellant
to 48 to 96 months' imprisonment for persons not to possess firearms; 12 to
24 months' imprisonment for one PWID conviction; 27-54 months'
imprisonment for the other PWID conviction; 6 to 24 months' imprisonment
for each of the possession convictions;[3] and imposed no further penalty for
the drug paraphernalia conviction.[4]  On October 2, 2024, the court ordered
Appellant to file a concise statement of errors complained of on appeal
pursuant to Pa.R.A.P. 1925(b), which Appellant filed on October 11, 2024.[5]

_____

[2] We note that in criminal actions, an appeal properly lies from imposition of
the judgment of sentence.  *See generally Commonwealth v. Lawrence*,
99 A.3d 116, 117 n.1 (Pa.Super. 2014), *appeal denied*, 631 Pa. 742, 114 A.3d
416 (2015).  Appellant also erroneously filed the notice of appeal in the
Supreme Court, which transferred the appeal.

[3] On October 3, 2024, the court amended the sentences for these convictions
to 6 to 12 months' imprisonment.  Further, on October 7, 2024, the court
entered another order clarifying that Appellant was granted automatic parole
on the possession counts.

[4] We may relate Appellant's premature appeal forward to the date Appellant
was sentenced.  *See* Pa.R.A.P. 905(a)(5) (providing that notice of appeal filed
after announcement of determination but before entry of appealable order
shall be treated as filed after such entry and on day thereof).  *See also
Commonwealth v. Rosado*, No. 401 EDA 2021 (Pa.Super. filed Feb. 14,
2022) (unpublished memorandum) (declining to quash appeal as premature
where appellant filed *pro se* notice of appeal after entry of verdict but prior to
imposition of sentence; relating appellant's appeal forward as though it was
properly filed following entry of judgment of sentence); Pa.R.A.P. 126(b)
(stating we may rely on unpublished decisions of this Court filed after May 1,
2019 for their persuasive value).

[5] Following a *Grazier* hearing, the trial court granted Appellant's request to
proceed *pro se* on appeal and permitted counsel to withdraw.  *See
Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). *See also* Pa.R.A.P. 2101 (explaining that briefs which fail to conform with requirements of rules may be suppressed, and, if defects in brief are substantial, appeal may be quashed or dismissed).

Instantly, Appellant's brief fails to adhere to the Rules of Appellate Procedure. Appellant's "brief" consists of less than two handwritten pages and is in letter form. Significantly, Appellant omits **all** of the requisite sections of an appellate brief. *See* Pa.R.A.P. 2114-2119 (stating requirements of each subsection of brief); *Commonwealth v. Maris*, 629 A.2d 1014 (Pa.Super. 1993) (stating that omission of statement of issues presented is particularly grievous since statement of questions involved defines specific issues this Court is asked to review). Most egregiously, however, is Appellant's failure to present any argument on appeal. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). Appellant's

failure to comply with the Rules of Appellate Procedure impedes our meaningful review of this case, requiring dismissal of the appeal. ***See*** Pa.R.A.P. 2101. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025